UNITED STATES of America, Appellee,

v.

Norman William SMEATHERS, Appellant.

No. 89–1581.

United States Court of Appeals, Eighth Circuit.

Submitted July 31, 1989.

Decided Aug. 31, 1989.

Robert S. Hatala, Cedar Rapids, Iowa, for appellant.

Charles W. Larson, Cedar Rapids, Iowa, for appellee.

Before ARNOLD, FAGG and BEAM, Circuit Judges.

PER CURIAM.

Norman William Smeathers pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g), 924(a)(1) (Supp. V 1987). Using the United States Sentencing Guidelines, the district court sentenced Smeathers to fourteen months in prison and three years supervised release. Smeathers appeals, and we affirm.

Smeathers was convicted of a felony in 1973. In 1987 he bought a rifle as a gift for his son. Both Smeathers and his son used the rifle for hunting. After a quarrel with his wife, Smeathers fired the rifle throughout his home. He was arrested and charged with unlawful possession of a firearm by a felon.

Smeathers's sole argument on appeal is that the district court committed error by failing to apply the reduction listed in section 2K2.1(b)(2) of the guidelines. Section 2K2.1(b)(2) provides that a sentencing court may reduce the basic offense level assigned to illegal possession of a firearm "[i]f the defendant obtained or possessed the firearm solely for sport or recreation." U.S. Sentencing Guidelines § 2K2.1(b)(2) (Oct.1987). Smeathers asserts he should have received this reduction because he obtained his rifle solely for sport or recreation. The government argues the reduction in section 2K2.1(b)(2) applies only when a firearm is both lawfully obtained and lawfully possessed. Because Smeathers possessed the rifle on the date of his arrest neither for sport nor for recreation, the government contends section 2K2.1(b)(2) does not apply. We agree.

Normally, the word "or" connotes disjunction. *United States v. Moore*, 613 F.2d 1029, 1040 (D.C.Cir.1979), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980). A reference to "this or that" ordinarily identifies separate alternatives. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). This rule of construction yields, however, when a disjunctive reading would frustrate a clear statement of legislative intent. *Moore*, 613 F.2d at 1040; *see also United States v. O'Driscoll*, 761 F.2d 589, 597 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). In the context of the sentencing guidelines, the commentary accompanying each section of the guidelines reflects the intent of the United States Sentencing Commission. U.S. Sentencing Guidelines § 1B1.7 commentary (Jan.1988).

Smeathers would have a sentencing court ignore a defendant's actual use of a firearm whenever that defendant intended at the time of purchase to use the firearm strictly for lawful acts. This disjunctive reading of "obtained or possessed" in section 2K2.1(b)(2) disregards the Sentencing Commission's instruction that "[a]part from the nature of the [felon's] criminal history, [the felon's] actual or intended use of the firearm is probably the most important factor in determining the sentence." *Id.* § 2K2.1 commentary (Oct.1987). Smeathers's reading also disregards the Commission's instruction that intended lawful use is determined in part by "the location and circumstances of possession." *Id.* In our view, the commentary makes clear that application of the reduction depends on both intended and actual use. Thus, the district court committed no error by read-

ing section 2K2.1(b)(2) to require both lawful acquisition and lawful possession.

Accordingly, we affirm.