**UNITED STATES of America, Appellee,**

v.

**John K. SPEES, Appellant.**

**No. 89-2542.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1990.

Decided Aug. 10, 1990.

Alfredo Parrish, Des Moines, Iowa, for appellee.

Linda R. Reade, Des Moines, Iowa, for appellant.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

John K. Spees pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (1988), and was sentenced by the district court[1] to the statutory minimum sentence of sixty months of imprisonment. Spees appeals from the sentence imposed, arguing that his fifth amendment due process rights were violated when the court declined, despite Spees' assistance in the investigation and prosecution of other persons, to depart downward from the statutory minimum sentence because the government, acting unreasonably and in bad faith, failed to file the requisite motion. We affirm the sentence imposed by the district court.

BACKGROUND

On April 4, 1989, Spees and Eddie Edward Sapp were stopped by an agent of the Drug Enforcement Agency (DEA) shortly after their plane landed at the airport in Des Moines, Iowa. The agent obtained Spees' consent to search his carry-on bag. Inside the bag the agent found 300.4 grams of methamphetamine. Spees was placed under arrest and Sapp was released.

While still at the airport, Spees told the agent that he would like to cooperate, that over the last eight months he had made approximately eight trips to California, and that on each trip he had purchased between three-quarters of a pound (340.2 grams)

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

and one pound (453.6 grams) of methamphetamine and then returned with his purchases to Missouri. Spees stated that the money for these purchases had been provided by Richard Parton and Murl Lusher, and that after each trip, he would take the methamphetamine to Parton's residence and be paid between $500 and $1000.

Later on that day, while cooperating with the DEA, Spees contacted Parton while wearing a body transmitter. The ensuing conversation was recorded and Parton was then arrested. Parton also chose to cooperate, and Lusher's residence was subsequently searched. Pursuant to plea agreements, both Spees and Parton were debriefed and testified before a grand jury. On May 4, 1989, Spees' home was struck by several shotgun blasts, which he contends were prompted by his cooperation with law enforcement officials. The government has been unable to establish such a link. Spees agreed to waive indictment and pleaded guilty to a one-count information charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), which carries a statutory minimum sentence of five years.

At Spees' sentencing hearing, the district court concluded that although Spees may have provided substantial assistance, it could not depart downward from the statutory or guideline minimums in the absence of a government motion.[2] Spees was sentenced to the statutory minimum of sixty months of imprisonment, followed by four years of supervised release, and a special assessment of $50.

**2.** In declining to impose a lower sentence without a government motion the court stated:
> And as I understand it, the law is that a Government motion is required, and therefore I'll go no further, lacking a Government motion, in deciding whether there should be a substantial downward—a downward departure based upon good faith substantial cooperation and—and good faith effort and substantial cooperation by Defendant Spees.
> * * * * * *
> Well, you're suggesting that he wouldn't be entitled to it. Maybe he wouldn't. I haven't reached that point. But there's enough here that it's certainly arguably that he might be entitled to it. I haven't really reached that point. But I have reached the point of whether it can be done only by Government motion.

## DISCUSSION

Upon a motion by the government, a court may depart downward from a statutory minimum sentence, see 18 U.S.C. § 3553(e), or from the sentencing range established by the United States Sentencing Guidelines, see U.S.S.G. § 5K1.1.[3] Spees argues that he was denied his due process rights under the fifth amendment by the district court's finding that it could not depart from the statutory minimum without a motion from the government.

Spees first argues that we should declare 18 U.S.C. § 3553(e) and its requirement of a motion by the government unconstitutional. We decline to do so. The constitutionality of this statute has already been upheld by this circuit, see United States v. Mason, 902 F.2d 1314, 1316 (8th Cir.1990) (section 3553(e) does not violate separation of powers); United States v. Grant, 886 F.2d 1513, 1514 (8th Cir.1989) (motion requirement of section 5K1.1 does not violate separation of powers or due process); see also United States v. Coleman, 895 F.2d 501, 504 (8th Cir.1990) (motion requirement of section 3553(e) and 5K1.1 are to be identically construed), as well as a number of other circuits. See United States v. La Guardia, 902 F.2d 1010 (1st Cir.1990); United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990); United States v. Huerta, 878 F.2d 89 (2d Cir.1989), cert. denied, —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); United States v. Ayarza, 874 F.2d 647 (9th Cir.1989), cert. denied, —— U.S. ——, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990); United States v. Mus-

> I feel it can be done only on Government motion * * *.
> Sent. Tr. pp. 45–46, 49–50.

**3.** Section 3553(e) provides:
> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.
> 18 U.S.C. § 3553(e).

ser, 856 F.2d 1484 (11th Cir.1988) (per curiam), cert. denied, —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). We therefore reject Spees' argument on this issue.

■ Spees also argues that he was deprived of his fifth amendment due process rights because the government acted in bad faith and without reason in withholding the motion mandated for departure under section 3553(e). The question of whether a bad faith or arbitrary withholding of a section 3553(e) or 5K1.1 motion violates due process, and thus may allow a sentencing court to impose a sentence below the statutory or Guidelines minimum without a government motion, has been raised by numerous courts but as yet remains unanswered. See Coleman, 895 F.2d at 504 n. 6 (section 3553(e)); United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989) (section 5K1.1); Grant, 886 F.2d at 1514 (section 5K1.1); United States v. Justice, 877 F.2d 664, 668–69 (8th Cir.1989) (section 5K1.1); United States v. Poston, 902 F.2d 90, 100 n. 11 (D.C.Cir.1990) (section 3553(e)); La Guardia, 902 F.2d at 1017 n. 6 (section 3553(e)); United States v. White, 869 F.2d 822, 829 (5th Cir.1989) (section 5K1.1). Although Spees claims he has rendered substantial assistance and that the government has acted in bad faith, we conclude that we need not reach the constitutional questions raised by these allegations.

Here, there is no evidence in the record that the government promised Spees that it would move to reduce his sentence if he cooperated. Thus, there can be no suggestion that the government breached some portion of the plea agreement. Moreover, in Spees' plea agreement the government recommended that the quantity of drugs used for sentencing purposes should be 300.4 grams, the amount contained in the carry-on bag seized at the Des Moines airport, despite the fact that Spees made statements implicating himself in eight prior trips to California to purchase methamphetamine, involving purchases totaling approximately 2721.6 to 3628.8 grams. This

plea agreement is attributable, at least in part, to Spees' decision to cooperate with the DEA. "The court * * * need not reward a defendant for his cooperation if that defendant already received the benefit of his cooperation through a plea agreement * * *." United States v. Sutherland, 890 F.2d 1042, 1043 (8th Cir.1989) (per curiam); accord Justice, 877 F.2d at 669. Thus, regardless of whether the district court was mistaken in its belief that it was powerless to depart without a government motion, we concluded that the district court did not err in declining to depart. Cf. United States v. Bruno, 897 F.2d 691, 695 (3d Cir.1990) (no need to review district court's refusal to depart based on inaccurate characterization of effect of departure on sentence because departure was unwarranted on other grounds).

## CONCLUSION

We find that there was no breach of the plea agreement and that Spees received the benefit of his assistance under the plea agreement. Therefore, the district court's refusal to depart from the statutory minimum sentence without a government motion was proper. We leave for another day the question of whether a bad faith or arbitrary refusal on the part of a prosecutor may allow a sentencing court to depart without a government motion.[4] The sentence imposed by the district court is affirmed.

---

**4.** We note with interest a recent first circuit case where the court suggested that an arbitrary or bad faith refusal to file a motion may be an aggravating or mitigating circumstance not adequately considered by the Sentencing Commission, thus permitting a sentencing court to depart under 18 U.S.C. § 3553(b). See La Guardia, 902 F.2d at 1017 n. 6.