UNITED STATES of America, Appellee,

v.

Michael A. GARRETT, Appellant.

No. 91–1762.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Nov. 4, 1991.

Rehearing and Rehearing En Banc
Denied Jan. 15, 1992.

---

and attempted possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). A jury found Garrett guilty of both charges and the district court denied Garrett's post-verdict motion for acquittal or, in the alternative, a new trial on both charges. Garrett received a concurrent sentence of 360 months' imprisonment and five years' supervised release on each charge. Garrett appeals. We affirm.

## I. BACKGROUND

On the basis of information provided by a Los Angeles police officer, Special Agent Carl Hicks of the Drug Enforcement Administration and two detectives of the Platte County Sheriff's Office stopped a female suspect at the Kansas City International Airport on October 12, 1990, shortly after she arrived from Ontario, California. Agent Hicks identified himself and asked the woman if he could speak with her. She agreed. The woman indicated that her name was Gloria Hernandez and provided suspicious answers to several questions. Agent Hicks finally asked the woman if she had any drugs in her luggage and the woman admitted that she was smuggling crack cocaine. Agent Hicks then arrested the woman. She was later identified as Alicia Rodriguez. The luggage contained a total of 7,974.8 grams of cocaine base.

After waiving her *Miranda* rights, Rodriguez explained that she had instructions to deliver the cocaine to someone in Kansas City and agreed to participate in a controlled delivery to that person. Rodriguez's instructions were to check into a motel in the downtown area where a visiting black man would not stand out and to page "Mike." Mike then would come to the motel and pick up the cocaine. Following the instructions, Agent Hicks and one of the detectives took Rodriguez to the Budgetel Motel in North Kansas City and rented a room. Rodriguez then made two telephone calls and during the second call wrote down two telephone numbers. The second telephone number was for a paging service and included a personal identification number (PIN).

Kathleen Kopach Woods, Kansas City, Mo., argued (Byron Neal Fox, on brief), for appellant.

Marietta Parker, Kansas City, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Michael A. Garrett was indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846

Agent Hicks hooked a tape recorder to the telephone and called the first number, but was unable to reach anyone. Next, Agent Hicks called the second number. After entering the PIN, he entered the motel's telephone number and Rodriguez's room number, which was 117. Later, a person called the motel identifying himself as Mike and the desk clerk transferred the call to Rodriguez's room. The caller had a brief conversation with Rodriguez, obtaining the address of the motel and stating that he was on his way.[1] Within the next thirty to forty-five minutes, a person identifying himself as Mike made three additional phone calls to the desk clerk requesting directions to the motel. Approximately fifteen minutes after the last call, Michael Garrett entered the motel lobby and asked for directions to room 117.

As Garrett proceeded toward room 117, Agent Hicks arrested him. Garrett initially agreed to answer questions and told the officers that he had come to visit a woman in room 117, but did not know her name. At this point, Garrett refused to answer further questions without an attorney and the questioning ceased. Pursuant to the arrest, the officers searched Garrett's vehicle, discovering a pager and a mobile phone. Among the numbers stored in the pager were the motel's telephone number and Rodriguez's room number.

## II. DISCUSSION

Garrett contends that the district court erred in denying his motion for acquittal as to both the conspiracy charge and the attempt charge. In reviewing the denial of Garrett's motion, we must affirm the dis-

trict court "if, viewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences, we conclude that a reasonable fact-finder could have found guilt beyond a reasonable doubt." *United States v. Foote*, 898 F.2d 659, 663 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 81 *and* —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 307 (1990). Such a conclusion is not precluded here, moreover, merely because the evidence against Garrett is circumstantial. A reasonable fact-finder may find guilt beyond a reasonable doubt based solely on circumstantial evidence. *E.g., id.*

### A. Conspiracy

■ After review of the record, we conclude that although the evidence of Garrett's participation in a conspiracy to distribute cocaine base is not overwhelming, it is sufficient to sustain the jury's verdict. To prove a conspiracy to distribute a controlled substance, the government must demonstrate that the defendant entered into an agreement with at least one other person and that the agreement's objective was to distribute narcotics in violation of the law. *E.g., Henderson v. United States*, 815 F.2d 1189, 1191 (8th Cir.1987). The government may prove the conspiracy with circumstantial as well as direct evidence. *E.g., Foote*, 898 F.2d at 663.

■ In light of all the other evidence, a jury could reasonably infer Garrett's participation in a conspiracy to distribute crack cocaine from his conversation with Rodriguez. The brief, business-like style of the

---

1. The text of the conversation was as follows:
   Rodriguez: Hey.
   Garrett: Hey. What's happening?
   Rodriguez: Hey. I'm here. You on your way?
   Garrett: Yeah. You're in North Kansas City, right?
   Rodriguez: Let me give you the address, OK?
   Garrett: Yeah.
   Rodriguez: It's uh Budgetel Inn, 2214
   Garrett: Uh huh.
   Rodriguez: Taney Road.
   Garrett: Taney?
   Rodriguez: Taney, T-A-N-E-Y.
   Garrett: Taney Road, OK.
   Rodriguez: All right. And it's uh room 117.
   Garrett: All right.
   Rodriguez: You on your way now?
   Garrett: Yeah.
   Rodriguez: Hurry up man because I want to get back home soon.
   Garrett: When you want to leave, in the morning?
   Rodriguez: Yeah, of course, in the morning.
   Garrett: All right.
   Rodriguez: You know.
   Garrett: Bye.
   Rodriguez: All right, bye.
   Brief of Appellant, Addendum at 1.

conversation between Rodriguez and Garrett, who did not even know Rodriguez's name, implied a common understanding as to the purpose of Rodriguez's visit to Kansas City, which was to deliver crack cocaine. The details of the drug transaction, particularly Rodriguez's method of contacting Garrett, obviously were planned in advance. A reasonable jury, therefore, could infer beyond a reasonable doubt that Garrett had previously entered into an agreement to distribute crack cocaine either with Rodriguez or with an unknown third person.

### B. Attempt

■ As with the conspiracy charge, sufficient evidence exists to support the jury's verdict on the attempt charge. To prove an attempt to possess a controlled substance with intent to distribute, the government must show that the defendant intended to possess narcotics in violation of the law and took a substantial step toward the commission of the offense which step strongly corroborates the defendant's criminal intent. *See, e.g., United States v. Crawford,* 837 F.2d 339, 340 (8th Cir.1988). Whether a defendant's conduct in a particular case constitutes a "substantial step" depends on the surrounding factual circumstances. *E.g., United States v. Wagner,* 884 F.2d 1090, 1096 (8th Cir.1989), *cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990).

■ Garrett contends that merely heading toward room 117 is insufficient to constitute a substantial step toward possession of the crack cocaine previously in Rodriguez's possession. Garrett, however, ignores the case's broader factual circumstances. After receiving the pager message, Garrett called Rodriguez to ascertain her location. He then expended a fair amount of time and energy in actually finding the motel, making three additional calls for directions and driving for approximately forty-five minutes. As discussed above, a reasonable jury could conclude that Garrett understood the purpose of Rodriguez's visit to Kansas City. Under the circumstances, therefore, a reasonable jury could

also find beyond a reasonable doubt that Garrett's significant efforts to meet with a woman whose name he did not know constituted a substantial step strongly corroborating Garrett's criminal intent to possess the crack cocaine Garrett believed to be in the woman's possession.

### III. CONCLUSION

We have considered Garrett's other arguments on appeal and find them to be without merit. The judgment of the district court, therefore, is affirmed.