**UNITED STATES of America, Appellant,**

v.

**Alicia RODRIGUEZ–MORALES a/k/a Gloria Hernandez, Appellee.**

**No. 91–2355.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1991.

Decided March 11, 1992.

Rehearing and Rehearing En Banc Denied April 27, 1992.

Marietta Parker, Kansas City, Mo., argued (Jean Paul Bradshaw, II., on brief), for appellant.

Ronald Partee, Kansas City, Mo., argued (Anthony P. Brooklier, Beverly Hills, Cal., on brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Alicia Rodriguez–Morales pleaded guilty to a charge of possession with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988) and (b)(1)(A) (West Supp.1991). The district court sentenced Rodriguez to thirty six months' imprisonment and five years of

---

supervised release. The United States appeals Rodriguez's sentence because the district court departed below the statutory mandatory minimum sentence of 120 months without a government motion pursuant to 18 U.S.C. § 3553(e) (1988) requesting such a departure, even though the government had filed a motion to depart under United States Sentencing Guideline Section 5K1.1. We reverse and remand for resentencing.

On October 12, 1990, law enforcement officers arrested Rodriguez at the Kansas City International Airport after she admitted during a lawful investigative stop that she was carrying crack cocaine in her luggage. A search of her luggage revealed 7,974.8 grams of crack cocaine. Rodriguez said that she was delivering the crack from Ontario, California, to a person in Kansas City whom she knew only as "Mike." Rodriguez agreed to cooperate with the government agents and assist them in making a controlled delivery to Mike. The agents accompanied Rodriguez to a motel, where she allowed them to tape record telephone conversations she made to arrange Mike's pickup of the crack. When Michael Garrett arrived at the motel, agents arrested him.

On October 16, 1990, Rodriguez and Garrett were indicted for conspiracy to possess with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The government filed a superseding indictment, adding a count charging Rodriguez with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

On December 5, 1990, Rodriguez and the government entered into a plea agreement. Rodriguez agreed to plead guilty to the possession count in exchange for the government's promise to drop the conspiracy count. The plea agreement also stated that if Rodriguez provided "substantial assistance as determined by the United States and defined in § 5K1.1 of the Sentencing Guidelines, prior to sentencing, the United States [would] file a motion *authorizing* the Court to depart downward from the Sentencing Guidelines and the statutory minimum pursuant to Title 18, United States Code, Section 3553(e)." (Emphasis in original).

Rodriguez gave a deposition to preserve her testimony for Garrett's trial because she was in the late stages of a pregnancy, and hence, uncertain as to whether she would be available at trial. Although it turned out that Rodriguez was available to testify at Garrett's trial, the government decided not to call her when it learned that she had testified untruthfully during her deposition that she had never been to Kansas City before her arrest on October 12, 1990. The government believed that it could not call Rodriguez as a witness because "her credibility had been so destroyed that we couldn't use her." Garrett was nevertheless convicted on both charges. *United States v. Garrett*, 948 F.2d 474 (8th Cir.1991).

Before Rodriguez's sentencing, the government filed a motion for downward departure pursuant to section 5K1.1 of the Sentencing Guidelines, based on Rodriguez's "substantial assistance to the government in the investigation of Michael Garrett." The government stressed that its motion was "pursuant to Section 5K1.1 only and in no way alters or affects the mandatory minimum sentence applicable in this case pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)." The mandatory minimum sentence for Rodriguez's violation was 120 months' imprisonment, while the sentencing guidelines provided for a range of 235–295 months' imprisonment.

The district judge sentenced Rodriguez to 36 months' imprisonment and five years of supervised release, relying on *United States v. Keene*, 933 F.2d 711 (9th Cir. 1991), for authority to depart below the statutory minimum pursuant only to a 5K1.1 motion. The government objected that under its 5K1.1 motion, the court was allowed to depart only down to the statutory minimum. The government then appealed Rodriguez's sentence.

The issue is one of first impression in this circuit: whether a sentencing judge can depart below the statutory mandatory

minimum sentence when the government has moved for a downward departure for substantial assistance pursuant to United States Sentencing Guidelines section 5K1.1, and not pursuant to 18 U.S.C. section 3553(e). The underlying question is whether sections 5K1.1 and 3553(e) provide for two different types of departure, as the government contends, or whether they are intended to perform the same function, as Rodriguez claims. Under the government's view, only a section 3553(e) motion allows for departure below the mandatory minimum. Under Rodriguez's view, section 5K1.1 is merely an implementation of section 3553(e), and, therefore, the sentencing judge may depart below the mandatory minimum under a section 5K1.1 motion, just as he would be able to do with a section 3553(e) motion.

In 1984, Congress enacted section 3553(e) as part of the Omnibus Crime Bill. The statute reads as follows:

**(e) Limited authority to impose a sentence below a statutory minimum.—** Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Title 28 of U.S.C. § 994(n) (1988), a part of the Sentencing Reform Act of 1984, states that the Sentencing Commission:

shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

The Sentencing Commission promulgated section 5K1.1 of the Guidelines, which provides in part: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

While this court has not yet considered the specific issue in this case, we have compared section 5K1.1 with section 3553(e) in a number of decisions. *See, e.g., United States v. Spees,* 911 F.2d 126, 127 (8th Cir.1990); *United States v. Oransky,* 908 F.2d 307, 309 (8th Cir.1990); *United States v. Coleman,* 895 F.2d 501, 504–05 & n. 5 (8th Cir.1990); *United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989); *United States v. Justice,* 877 F.2d 664, 666–67 (8th Cir.), *cert. denied,* 493 U.S. 958, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

In *Coleman,* we referred to section 5K1.1 as being section 3553(e)'s counterpart and we said that "although the two sections can have different effects, their requirement of a government motion before departure in recognition of a defendant's substantial assistance is identical; the requirement is clear and unambiguous." 895 F.2d at 504 (footnote omitted). We observed that section 3553(e) specifically refers to mandatory minimum statutory sentences, while 5K1.1 refers to departure below the guideline range. *Id.* at 504 n. 5. We held "that in order for a court to depart based upon substantial assistance under § 3553(e) from a mandatory minimum sentence, the government must first file a motion under § 3553(e)." *Id.* at 505 (citation omitted). While *Coleman* did not face the issue now before us,[1] it underscored the requirement that the government file a motion under section 3553(e) before the judge can depart below statutory mandatory minimum sentences. *But see United States v. Carnes,* 945 F.2d 1013, 1014 (8th

---

1. The issue in *Coleman* was "whether a government motion under § 3553(e) is specifically required before the court may depart from the mandatory minimum sentence imposed by statute." 895 F.2d at 502. The defendant argued that cooperation letters the government had filed were the "functional equivalent of a § 3553(e) motion," since the government had not filed any motion at all. *Id.* at 504.

Cir.1991) (after government filed 5K1.1 motion, the court, in affirming a sentence including a five year minimum sentence for a firearm charge, stated in dictum that "the district court understood its authority to impose a sentence of less than five years, but chose not to do so.").

In this case, the government specifically filed a section 5K1.1 motion under the Guidelines, and expressly refused to file a motion under section 3553(e). Whether a distinction exists between the motion under the statute and the one under the Guidelines is thus critical to our decision in this case. Section 994(n) explicitly requires that the Guidelines reflect the general appropriateness of imposing lower sentences for substantial assistance, including those below the mandatory minima. When we look at section 5K1.1, it is evident that this policy statement authorizes departure from the Guidelines range. Even though section 994(n) states that the Commission "shall assure" that the Guidelines reflect the general appropriateness of a departure below both the Guidelines and mandatory minimum sentences, section 5K1.1 by its plain terms makes no mention of departure below mandatory minimums—only departure from the Guidelines range. In section 5K1.1's commentary, under "Application Notes," the following statement appears:

1. Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

We do not read this application note to equate a motion under section 5K1.1 with one under section 3553(e). The note is little more than an academic observation that, under the circumstances set forth in sections 994(n) and 3553(e), "a sentence below the statutorily required minimum sentence" may be justified. The two statutes plainly refer to departures below statutorily mandated minimums, but only section 3553(e) makes specific reference to a government motion to depart below mandatory minimum sentences. In spite of section 994(n), the Commission has not provided for departures below the mandatory minimum sentence in the plain language of section 5K1.1, and nothing in the application notes states that it has. While we are aware that U.S.S.G. § 1B1.7 (1991) instructs us that Guideline commentary can assist us in interpreting guidelines and provide useful background information, *see United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir.1989), the commentary to section 5K1.1 does not explicitly state that a motion under the guideline authorizes departures below the statutory minimum.

The statutes plainly empower the Sentencing Commission to provide for departures below the statutory minimum.[2] However, Section 5K1.1 does not state that a 5K1.1 motion applies to mandatory minimum sentences, or is the equivalent of a section 3553(e) motion. Thus, the only authority for the district court to depart below the statutorily mandated minimum sentence exists in the plainly stated limitation in section 3553(e). The government made it clear that it was not filing a motion pursuant to that statute. Because a section 3553(e) motion is the key to unlocking the door to consideration of this issue by the sentencing judge, we can only conclude that the district court erred in departing below the mandatory minimum absent such a motion.

Congress in recent years has enacted numerous statutes containing mandatory minimum sentences. Many, if not most, federal judges have expressed disapproval of such sentences. The Federal Courts Study Committee has recommended repeal of these statutes. *Report of the Federal Courts Study Committee*, April 2, 1990,

---

**2.** Indeed, section 994(n), while requiring the Commission to assure that the Guidelines "reflect the general appropriateness" of imposing lower sentences, conceivably can be read as mandating that the Commission provide for departures below the statutory minimum. Most evidently, the Commission has not done so. Whether this presents a problem under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 & n. 9, 104 S.Ct. 2778, 2781–82 & n. 9, 81 L.Ed.2d 694 (1984), is not an issue that has been raised in this case.

133–34. Little is to be gained by cataloging other individuals who have spoken or written in support of this proposition. The statutory mandatory minimum sentences are in force, continue to be enacted, and reflect Congress's determined belief that they are necessary provisions. This reinforces our view that judges can depart below the statutory minimum only under the procedure Congress has provided; namely, section 3553(e), particularly since the Commission has not implemented its grant of authority.

If our decision places undue discretion in the hands of district attorneys, it has been placed there by Congress and by the Sentencing Commission's failure to draft a guideline or policy statement dealing with departure below statutorily mandated minimum sentences. Whether the Commission intended to give the prosecution two alternative motions for substantial assistance departures—thus allowing the government to set the parameters of the district court's discretion—section 5K1.1 as drafted has created such a result. We are left with no choice but to hold that the sentencing judge may not depart below the statutory minimum pursuant to a motion under section 5K1.1 alone. Only a section 3553(e) motion allows for such a departure.

Rodriguez relies on the one circuit case decided at the time of argument dealing with the specific issue before us, *United States v. Keene*, 933 F.2d 711 (9th Cir. 1991). The facts in *Keene* are similar to this case. The defendant pleaded guilty to a charge of conspiracy to possess and distribute 437 kilograms of cocaine, which carried a statutory mandatory minimum sentence of 120 months. The calculated sentencing range under the Guidelines was 188 to 235 months. *Id.* at 712. The government moved for a downward departure for Keene's substantial assistance, emphasizing that it was acting pursuant to section 5K1.1, and not section 3553(e). The district court sentenced the defendant to 36 months' imprisonment. *Id.*

In upholding the district court's sentence, the Ninth Circuit held that a sentencing judge can depart below the statutory mandatory minimum when the government files a substantial assistance motion pursuant only to section 5K1.1. *Id.* at 714. The court concluded that "994(n) and 5K1.1 do not create a separate ground for a motion for reduction below the Guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum." *Id.* Rather, the Sentencing Commission "carried out the mandate of section 994(n) by adopting Section 5K1.1 of the Sentencing Guidelines." *Id.* at 713. The *Keene* majority states that it did not make sense to allow the prosecution "to set the parameters of the [district] court's discretion." *Id.* at 714.

We are not persuaded by the *Keene* majority's reasoning equating the two motions, but are convinced that the *Keene* dissent is particularly instructive. Judge Alarcon, in his dissent, states, "The majority's interpretation of section 5K1.1 as 'implementing' section 3553(e) in fact renders the entire statute surplusage and is contrary to the intent of Congress." 933 F.2d at 723. Judge Alarcon vigorously argues that the cases the majority relies upon to support its statement that 5K1.1 simply implements section 3553(e), and to demonstrate the similarity between the policy statement and the statute, do not sustain the majority's conclusions. *Id.* at 719–21. He asserts that until the majority's decision, no court had held that a district court is authorized to impose a sentence less than what Congress has required without a government motion pursuant to section 3553(e). *Id.* at 721. He further states that "when a statute requires a sentence different than that set by the guidelines, the statute controls." *Id.* at 722 (citation omitted). Judge Alarcon makes the telling point that the majority in *Keene* ignored the language in section 3553(e) "that the district court lacks the power to disregard the mandatory provisions of a sentencing statute unless the Government makes a motion that the court impose a sentence that is 'below a level established by statute.'" *Id.* at 721–22. Finally, he looks to our *Coleman* decision and its statement

that section 3553(e) and 5K1.1 have discrete functions. *Id.* at 722–23.[3]

While this appeal was pending, the Second Circuit in *United States v. Ah–Kai,* 951 F.2d 490 (2d Cir.1991), reached a conclusion similar to *Keene,* relying primarily on *Keene's* reasoning. Beyond its reliance on *Keene, Ah–Kai* refers to the statutory scheme and powers of the Sentencing Commission, as well as various guidelines, policy statements, and guideline commentary.[4] These general references do not demonstrate that *Ah–Kai* came to grips with the wording of section 3553(e) or the wording of section 5K1.1. Nor does the reasoning of *Ah–Kai,* based on the same showing of "substantial assistance" in both 5K1.1 and 3553(e), give persuasive weight to the position there asserted. Suffice it to say *Ah–Kai* is no more persuasive to us than *Keene.*[5]

Many courts have, in dicta, discussed the boundaries of both section 3553(e) and 5K1.1. Some courts have hinted at the notion that a sentencing judge can depart below the statutory minimum pursuant to the government's section 5K1.1 motion.[6] Other courts emphasize that once the government moves for downward departure, the sentencing judge has complete discretion to depart however far she desires.[7] Finally, some courts opine that sec-

---

3. Interestingly, as Judge Alarcon points out, the *Keene* majority attempts to distinguish *Coleman* on the ground that it deals with what government action is necessary to make a motion. *Id.* at 713, 715. The majority then reluctantly admits that our court held that the government must specifically file a motion under section 3553(e) to authorize sentences below the mandatory minimum, and may not rely upon informal letters. *Id. Keene* essentially ignores the chain in *Coleman's* reasoning that a government motion under section 3553(e) is the requirement for departures below the statutorily mandated minimum sentences, a conclusion mandated by the plain language of the statute.

4. *E.g.,* U.S.S.G. § 1B1.7; U.S.S.G. § 5K1.1 comment. n. 1; U.S.S.G. § 2D1.1. *Ah–Kai* generously reads a commentary to section 2D1.1, comment. n. 7, to support the contention that the Sentencing Commission "perceives § 5K1.1 as covering departures both from 'mandatory (statutory) minimum' sentences and from the guidelines." 951 F.2d at 493. To identify the Commission's "perception," however, falls far short of discovering language within section 5K1.1 demonstrating that the Sentencing Commission drafted 5K1.1 to allow for both departures. The plain language used in section 5K1.1 refers only to the Guidelines, and *Ah–Kai's* reliance on the Commission's perception does little to decide the question before us.

5. *Ah–Kai* also attempts to limit the holding of *Coleman,* describing it as "inapposite" to the issue at hand. 951 F.2d at 493. We find *Coleman* instructive and part of the precedential warp upon which we must attempt to weave some meaning from the guidelines, policy statements, and statutes.

6. *E.g., United States v. Wade,* 936 F.2d 169, 171 (4th Cir. (citing Application Note 1 to § 5K1.1 and *Keene,* court says that "section 5K1.1 governs all departures from guideline sentencing for substantial assistance, and its scope includes departures from mandatory minimum sentences permitted by 18 U.S.C. § 3553(e).")*, cert. granted,* — U.S. —, 112 S.Ct. 635, 116 L.Ed.2d 653 (1991). The *Ah–Kai* court cited this language in *Wade* to demonstrate that circuits have followed the *Keene* approach. 951 F.2d at 492. *Wade,* however, specifically addresses the question of the reviewability of government's good faith in refusing to file a section 5K1.1 motion pursuant to a plea agreement. 936 F.2d at 171–72. *Wade* merely states that absent a government motion, the district court has no authority to depart downward. *Wade* does not bear the weight *Ah–Kai* gives it, as the general language, purely dictum, simply does not reach the issue before us in this case. *See also United States v. Huerta,* 878 F.2d 89, 91 (2d Cir.1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (section 5K1.1, promulgated by the Sentencing Commission pursuant to section 994, restates requirement of government motion before sentencing judge may depart below statutory minimum).

7. *E.g., United States v. Pippin,* 903 F.2d 1478, 1485 (11th Cir.1990):

   Once it has made a 5K1.1 motion, the government has no control over whether and to what extent the district court departs from the Guidelines, except that if a departure occurs, the government may argue on appeal that the sentence imposed was "unreasonable." ... The government's power to make a 5K1.1 motion exists not to allow the government to determine the appropriate sentence for the defendant. Rather, the government has this authority because it "is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance."

   *See also United States v. Musser,* 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied,* 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) (in determining whether section 3553(e) impermissibly delegates unbridled discretion to the prosecu-

tion 5K1.1 implements or incorporates section 3553(e),[8] while other courts view sections 5K1.1 and 3553(e) as serving two separate functions.[9] We do not find these comments persuasive, since they were made by courts that were not deciding the specific issue before us.

We conclude that a sentencing judge may not depart below the statutory mandatory minimum sentence under a government motion pursuant to section 5K1.1 of the Guidelines for departure based on a defendant's substantial assistance. Only a government motion based on section 3553(e) will allow the court to depart below the mandatory minimum.

We reverse the sentence of Rodriguez, and remand the case to the district court to impose a sentence no lower than the statutory minimum of 120 months.

HEANEY, Senior Circuit Judge, dissenting.

The majority states that it is "left with no choice" but to reverse Judge Wright's decision to sentence the defendant to a three-year prison term. *See ante* at 1445. I respectfully disagree. The majority not only ignores the relevant guidelines commentary, but disregards the decisions of the appellate courts which have found that a district court may depart below the guidelines range and the mandatory minimum sentence once the prosecutor has filed a substantial assistance motion under section 5K1.1. *See United States v. Ah–Kai,* 951 F.2d 490 (2d Cir.1991); *United States v. Keene,* 933 F.2d 711 (9th Cir.

1991).[1] We should affirm the sentence imposed on the basis of those opinions. I write separately to explain further why the majority has erred.

I.

I begin with the statutes in question. Section 3553(e) authorizes a sentence below a mandatory minimum upon motion of the government. The sentence must be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28." 18 U.S.C. 3553(e) (1988). In turn, 28 U.S.C. § 994(n) instructs the Commission to ensure that the guidelines reflect the general appropriateness of a sentence below the guidelines and the mandatory minimums in cases when a defendant has provided substantial assistance. As always, we should give effect to this clear Congressional intent.

The Commission, of course, could have followed the statute more closely and made it clearer that a sentencing judge could depart below the mandatory minimum sentence once the government made a motion for substantial assistance under section 5K1.1.[2] The body of section 5K1.1 says nothing about the propriety of a sentence below a mandatory minimum in cases where the defendant has rendered substantial assistance. However, this does not end the matter. Our cases rightly or wrongly require us to look to relevant commentary to help us determine the scope and meaning of a section of the guidelines:

---

tion, court states that: "[t]he authority to actually reduce a sentence remains vested in the district court.").

**8.** *E.g., United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990) (5K1.1 "implements 18 U.S.C. 3553(e)."); *United States v. Francois,* 889 F.2d 1341, 1345 (4th Cir.1989), *cert. denied,* 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990) (the language of 5K1.1 "improved upon the language of 18 U.S.C. § 3553(e), because the Guidelines set forth examples of circumstances that should be considered in deciding whether sentence reduction is appropriate.").

**9.** *United States v. Wilson,* 922 F.2d 1336, 1342 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 155, 116 L.Ed.2d 120 (1991).

**1.** The Fourth Circuit has also agreed with the Second and Ninth Circuits' position in dicta. *United States v. Wade,* 936 F.2d 169, 171 (4th Cir.), *cert. granted,* — U.S. —, 112 S.Ct. 635, 116 L.Ed.2d 653 (1991).

**2.** I continue to believe that the Sentencing Commission exceeded the intent of section 994(n) when it specified in section 5K1.1 that a government motion was required before a judge could depart downward from the guidelines range for substantial assistance. *See United States v. Kelley,* 956 F.2d 748, 762–63 (8th Cir.1992) (en banc) (Heaney, J., dissenting).

Many of the guidelines are skeletal provisions for which the commentary provides crucial supplementation.... This circuit recognized the importance of the commentary when it adopted a reading of a guideline which was mandated by the commentary, though not by the guideline read alone.

*United States v. Kelley,* 956 F.2d 748, 756 (8th Cir.1992) (en banc). Indeed, the commentary need not be even part of the guidelines section in question, for the guidelines are filled with cross-references and these cross-references are a central part of the guidelines scheme. *See* U.S.S.G. § 1B1.3(a).

The commentary to sections 5K1.1 and 2D1.1 makes it clear that the district court may depart below the guidelines range *and* any mandatory minimum upon motion by the government pursuant to section 5K1.1. Application note 1 to section 5K1.1 fills the gap in the body of that policy statement regarding sentences below mandatory minima:

> Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

The "circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n)" can only be a government motion for substantial assistance. Thus, the commentary *informs* courts that a 5K1.1 motion for substantial assistance permits a court to depart below the mandatory minimum sentence. Any other reading renders the application note mere surplusage, and as we noted in a recent en banc decision, we "cannot ignore the Commentary." *Kelley,* at 756 (quoting

*United States v. DeCicco,* 899 F.2d 1531, 1537 (7th Cir.1990)).

It seems to me that the majority is being disingenuous when it holds that application note 1 to section 5K1.1 is a mere "academic observation" that does not "explicitly state that a motion under the guideline authorizes departures below the statutory minimum." *See ante* at 1444. The application note plainly states that substantial assistance may justify a sentence below a statutorily required minimum. Given its juxtaposition to the body of section 5K1.1, the language of the application note shows that the Commission was content to leave the extent of the departure to the sentencing judge. The general background commentary to section 5K1.1 further illustrates this:

> The nature, extent and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is therefore afforded the sentencing judge to reduce a sentence based on the variable relevant factors, including those listed above.

In this case, Judge Wright certainly did not abuse his discretion in departing below the minimum sentence once the government made a motion to reward the defendant's substantial assistance.

Nonetheless, the majority seems to suggest that the application note to section 5K1.1 is simply background information. If this were true, the Sentencing Commission would have placed the application note in the commentary entitled "Background" rather than the section entitled "Application Notes." If the majority is suggesting that there is no difference between application notes and background, there would be no reason for the Commission in its commentary to differentiate between "Application Notes" and "Background." [3]

---

**3.** The application notes perform a different function than the background in guidelines that contain both application notes and background commentary. As their name suggests, application notes are specific "nuts and bolts" tips; they define terms, interpret the guideline, or otherwise explain how the guideline is to be applied. In contrast, background provides (not surprisingly) background information, such as

the rationale behind the guideline or the underlying statute. Background tends to be general, policy-oriented material. *See, e.g.,* U.S.S.G. §§ 4B1.1 & 4B1.3 (application notes define terms contained in each section, while the background describes the statutory origin of each section); U.S.S.G. § 1B1.9 (application notes explain how a court may impose sentence for Class B or C misdemeanors, while background

If guidelines commentary is to be followed, as our court has held repeatedly, the majority also should give effect to application note 7 in section 2D1.1. That application note states that a mandatory minimum sentence in drug cases can be waived, and *then cross-references section 5K1.1:*

> Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be "waived" and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U.S.C. § 994(n), by reason of a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." *See* § 5K1.1 (Substantial Assistance to Authorities).

Like application note 1 to section 5K1.1, this application note is there for a reason: it demonstrates that a 5K1.1 motion is grounds for a departure from both the guidelines and a mandatory minimum sentence. We "cannot ignore the Commentary," *Kelley,* at 756 (quoting *United States v. DeCicco,* 899 F.2d 1531, 1537 (7th Cir. 1990)), even if this application note accompanies the drug guideline rather than section 5K1.1.

In fact, the position of application note 7 in the drug guideline, rather than section 5K1.1, makes perfect sense: mandatory minimum sentences are most common in drug cases. *See* United States Sentencing Commission, *Special Report to the Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System,* 10 (1991) (suggesting that over 90% of mandatory minimum sentences might be attributable to three drug statutes and one drug/gun statute). The Second Circuit's discussion of application note 7 is correct, and I fail to see how the majority can conclude that application note 7 to section 2D1.1 is of little importance.

In sum, our majority has failed to give effect to Congressional intent by trivializing the application notes accompanying sections 5K1.1 and 2D1.1. Now that our court has held that policy statements and commentary must be followed and given effect, it should hew that line consistently in all cases, not just in cases when a longer sentence will result.

## II.

The question in this case is not whether the majority opinion places undue discretion in the hands of the prosecutor. *See ante* at 1445. Under the statute, the prosecutor retains the discretion whether or not to make a motion for substantial assistance. The majority errs, however, by ignoring the plain language of section 994(n) and holding that Congress decided to give prosecutors the discretion to determine whether a district judge could impose a sentence below a mandatory minimum once the prosecutor made a motion for substantial assistance.

Our task in this case would have been easier if the Commission had discussed the applicability of section 5K1.1 to mandatory minimum sentences in the body of section 5K1.1. The guidelines, however, are designed to discuss the typical case. *See* U.S.S.G. § 1A4.(b) (policy statement) (Commission intends courts to treat each guideline as carving out a heartland, a set of typical cases embodying the conduct that each guideline describes); *id.* (5K departures may rest on grounds not mentioned in the guidelines). Most crimes do not require a mandatory minimum sentence. Thus, in the typical case involving a substantial assistance motion (particularly non-drug cases), there is no need for the court to consider a departure below the mandatory minimum because there is no mandatory minimum sentence to consider. Given the irrelevance of mandatory minimums for most crimes, it is not surprising that the Commission did not mention the availability of a departure below a mandatory mini-

---

commentary explains why the Commission adopted the guideline). The Commission noted the distinction between application notes and background commentary in section 1B1.7, although it did not mention application notes or background by name. *See* U.S.S.G. § 1B1.7

(commentary "may interpret the guideline or explain how it is to be applied" or may "provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline").

mum in the body of section 5K1.1. Instead, the Commission discussed the issue in the application notes accompanying section 5K1.1 and in the section where mandatory minimum sentences are most important (section 2D1.1).

This is clear enough reason to find that a 5K1.1 motion enables a judge to depart below the mandatory minimum sentence. Although the majority purports to be unable to find any clear statement in the guidelines indicating that a motion under 5K1.1 authorizes a sentence below a statutory minimum, three other circuits have been able to find such a clear statement, and it was clear enough to three of our judges in *United States v. Carnes*, 945 F.2d 1013, 1014 (8th Cir.1991) (where government filed a 5K1.1 motion, and defendant appealed district court's refusal to sentence below the five-year mandatory minimum sentence, this court held in dictum that "the district court understood its authority to impose a sentence of less than five years, but chose not to do so."). I would affirm Judge Wright.