961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth E. JONES, Defendant-Appellant.
 No. 91-3891.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant in this case pleaded guilty to possession of cocaine base ("crack" cocaine) with intent to distribute it. He now appeals his sentence, arguing (1) that the district court miscalculated his criminal history category and (2) that the imposition of harsh sentences for crack-related offenses discriminates impermissibly against blacks. For the reasons stated below, we shall affirm the sentence.
 
 
 2
 * The defendant, Kenneth E. Jones, was arrested on a crack charge in September of 1990. A Drug Enforcement Agency laboratory determined that the weight of the drug possessed by Mr. Jones was 128 grams.
 
 
 3
 Pursuant to a plea agreement with the United States, Mr. Jones pleaded guilty to a one-count information charging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Under its part of the agreement, the government filed a motion for reduction of sentence pursuant to Rule 35(b), Fed.R.Crim.P., and U.S.S.G. § 5K1.1.
 
 
 4
 The Sentencing Guidelines establish an offense level of 32 for possession of cocaine base weighing at least 50 grams but less than 150 grams. U.S.S.G. § 2D1.1(c)(6). Mr. Jones received a two-level reduction for acceptance of responsibility and a further 10 percent reduction on the government's § 5K1.1 motion. This brought his offense level down to 27.
 
 
 5
 Mr. Jones argued at the sentencing hearing that his criminal history category was IV, which would have meant a sentencing range of 100 to 125 months. The district court determined that Mr. Jones' criminal history category was V, however, giving him a sentencing range of 120 to 150 months. The court imposed a sentence of imprisonment for 120 months.
 
 II
 
 6
 On appeal, Mr. Jones contends that the district court erred by taking into account a prior uncounseled misdemeanor conviction. Had the court not done so, the guideline sentencing range would have been 100 to 125 months. Mr. Jones' sentence of 120 months would still have been within the guideline range, however, and it is well established that "disputes about applicable guidelines need not be resolved where the sentence falls within either of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range." United States v. Bermingham, 855 F.2d 925, 931 (2d Cir.1988); accord United States v. White, 875 F.2d 427, 432 (4th Cir.1989); United States v. Turner, 881 F.2d 684, 688 (9th Cir.), cert. denied, 493 U.S. 871 (1989); see also United States v. Sanchez, --- F.2d ---- (6th Cir. April 6, 1992).
 
 
 7
 It is clear in this case that the district court would have given Mr. Jones the same 120-month sentence regardless of which of the two guidelines ranges had been determined to be applicable. Mr. Jones' crime carried a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(a)(iii). Regardless of whether the district court had the authority to go below the statutory minimum on the strength of a motion under § 5K1.1 of the guidelines, compare United States v. Rodriguez-Morales, 958 F.2d 1441 (8th Cir.1992), with United States v. Koene, 933 F.2d 711 (9th Cir.1991), the court explicitly noted at the sentencing hearing that it "sees no justification for going below the mandatory minimum in the statute." We therefore decline to decide whether Mr. Jones' criminal history category was determined properly.
 
 III
 
 8
 Mr. Jones contends that his sentence denied him the equal protection of the laws because offenses involving crack cocaine carry harsher penalties than offenses involving cocaine powder,[1] and black people account for a much higher percentage of offenses involving crack than they do for offenses involving cocaine in powder form. This contention was never presented to the district court, and in general, this court "will not decide issues or claims not litigated before the district court." White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). The record being silent on the equal protection issue, we decline to address the issue on the merits.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 21 U.S.C. § 841(b)(1)(B) equates 100 grams of cocaine powder and 1 gram of cocaine base for the purpose of determining punishment. U.S.S.G. § 2D1.1(c)(6), under which Mr. Jones was sentenced, adheres to that ratio