980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Joseph Edward NAVIN, Jr., Appellant.
 No. 92-1765.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1992.
Filed: November 30, 1992.
 
 Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Joseph Edward Navin, Jr., appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa sentencing him to 360 months imprisonment following his guilty plea to conspiracy in violation of 21 U.S.C. § 846 and two firearms offenses in violation of 18 U.S.C. § 924(c)(1). For reversal, he argues the district court erred in concluding that it could not depart below a statutory minimum sentence without a government motion under 18 U.S.C. § 3553(e) and in failing to find that the government violated his due process rights by refusing to file the motion and to state reasons for its decision. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Pursuant to a plea agreement, Navin agreed to cooperate with the government in its investigation of the use, possession and trafficking of controlled substances and related activity. The government agreed to advise the district court of any assistance provided by Navin. The government also agreed to move for a departure from the Guidelines sentencing range, under Guidelines § 5K1.1, and from statutory minimum sentences, under 18 U.S.C. § 3553(e), if Navin provided substantial assistance. The plea agreement provided, however, that the motions under Guidelines § 5K1.1 and 18 U.S.C. § 3553(e) were independent and that the government had the sole discretion to "make either, neither or both motions."
 
 
 3
 Navin testified at his sentencing hearing that he cooperated with the government by providing information and testifying against his drug supplier. In regard to the conspiracy offense, the government moved under Guidelines § 5K1.1 for a downward departure from the guidelines range of 262 to 327 months. The government, however, did not move for a departure under 18 U.S.C. § 3553(e). The government refused to state its specific reasons for declining to file the 18 U.S.C. § 3553(e) motion. Navin, nevertheless, requested the district court to depart below the statutory minimum sentence, arguing that his case was distinguishable from United States v. Rodriguez-Morales, 958 F.2d 1441 (8th Cir.) (holding district court has no authority to depart below statutory minimum sentence where government filed motion for departure only under Guidelines § 5K1.1 and not under 18 U.S.C. § 3553(e)), cert. denied, 113 S. Ct. 375 (1992). The district court granted the government's motion for a downward departure under Guidelines § 5K1.1, but determined that it could not depart below the statutory minimum sentence because the government had not moved for departure under 18 U.S.C. § 3553(e). The district court stated it would not require the government to explain why it refused to file the 18 U.S.C. § 3553(e) motion and that it was satisfied that the government's refusal was not based on bad faith or any constitutionally impermissible reason.
 
 
 4
 We conclude the district court properly determined that it could not depart below the statutory minimum sentence. Under the clear holding in Rodriguez-Morales, a government motion made only under Guidelines § 5K1.1 does not authorize the sentencing court to depart below a statutory minimum sentence. Id. at 1447. Navin correctly asserts that this case and Rodriguez-Morales are factually dissimilar; however, this distinction is not relevant. The plea agreements involved in both cases preserved the government's discretion to file the Guidelines § 5K1.1 and 18 U.S.C. § 3553(e) motions, and in both cases, the government explicitly stated that it declined to file a motion for departure below the statutory minimum under 18 U.S.C. § 3553(e).
 
 
 5
 We also conclude the district court did not err in failing to find that the government violated Navin's due process rights by refusing to file the 18 U.S.C. § 3553(e) motion and to state reasons for its decision. We recently held that when a prosecutor refuses to file a motion for a sentencing reduction for substantial assistance-and the government retains discretion under the plea agreement not to do so-the sentencing court has authority to review the refusal and to grant a remedy only if the defendant makes a " 'substantial threshold showing' " that the refusal was based on an unconstitutional motive such as race or religion or was not rationally related to any legitimate government end. United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (quoting Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992)). We further stated that a generalized allegation of improper motive is not sufficient to meet this burden, and unless the defendant makes the threshold showing, the defendant is not entitled to discovery or a hearing on why the prosecutor declined to make the motion.
 
 
 6
 Id. at 558. Navin asserts only that the government's refusal to state its reasons for filing the 18 U.S.C. § 3553(e) motion was evidence of an improper motive. This is not sufficient. Navin failed to make the necessary threshold showing.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge