57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Chauncey Allen BASHIR, also known as Chauncey Naylor, also
known as Chauncey McDonald, also known as Chauncey
Huff, also known as Allen Huff, Appellant.
 No. 95-1199
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 30, 1995
Filed: June 9, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pursuant to a written plea agreement, Chauncey Allen Bashir pleaded guilty to being a felon in possession of a firearm, conspiring to launder money, and conspiring to distribute cocaine base. He appeals the 240-month sentence imposed by the district court.[1]
 
 
 2
 The plea agreement left within the government's sole discretion whether to move for a substantial-assistance downward departure pursuant to either U.S.S.G. Sec. 5K1.1 or 18 U.S.C. Sec. 3553(e), or both. The agreement also noted that the drug conspiracy offense carried a statutory mandatory minimum twenty- year sentence, and that the court could not depart below the mandatory minimum without a government motion under section 3553(e). At sentencing, the government moved for a downward departure under section 5K1.1, but not under section 3553(e). Bashir asked the district court to depart below the mandatory minimum. Noting that it lacked the authority to do so, see United States v. Rodriguez-Morales, 958 F.2d 1441, 1447 (8th Cir.), cert. denied, 113 S. Ct. 375 (1992), the court denied his request, departed downward and sentenced Bashir to 240 months imprisonment and 10 years supervised release on the drug count.[2]
 
 
 3
 On appeal, Bashir urges us to reconsider the holding in Rodriguez-Morales, and join the other circuits which permit the district court to depart below the statutory mandatory minimum when the government files a section 5K1.1 motion. Only the court en banc can overrule another panel's decision, however, and Bashir's motion for initial hearing en banc was denied. See United States v. Polanco, 1995 WL 231056, No. 94-2198, slip op. at 4-5 (8th Cir. Apr. 20, 1995).
 
 
 4
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa
 
 
 [2]
 The court also imposed 120-month and 60-month prison terms, and 5-year and 3-year supervised release terms, on the firearm and money-laundering counts, respectively