**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold Ray WADE, Jr.,**
**Defendant–Appellant.**

**No. 90–5805.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1991.

Decided June 12, 1991.

---

Richard S. Glaser, Jr., Asst. U.S. Atty., argued (Robert H. Edmunds, Jr., U.S. Atty., Charles T. Francis, Asst. U.S. Atty., Michael J. Russo, third year law student, on brief), Greensboro, N.C., for plaintiff-appellee.

Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and SPENCER, District Judge for the Eastern District of Virginia, sitting by designation.

NIEMEYER, Circuit Judge:

Following his guilty plea to charges for drug distribution and related gun use, Harold Ray Wade, Jr. was sentenced to a mandatory minimum ten-year sentence for the drug charges and a consecutive mandatory five-year sentence for the gun charge. *See* 21 U.S.C. § 841(b); 18 U.S.C. § 924(c). In denying Wade's motion for a downward departure based on his substantial assistance to the government, the district court concluded that, in the absence of a motion made by the government under U.S.S.G. § 5K1.1, it had no authority to depart from the mandatory minimum sentences.

On appeal, Wade contends that (1) the district court erroneously concluded that it did not have the authority to depart downward for substantial assistance on his motion, which was supported by substantial evidence of the valuable cooperation that he provided, and (2) the court should have permitted an inquiry into the government's reasons for its refusal to make the motion under § 5K1.1 to determine whether it acted arbitrarily or in bad faith. Finding no error, we affirm.

■ There appears to be no disagreement on the fact that shortly after his arrest and without the benefit of a plea agreement, Wade began a course of cooperation which provided valuable assistance to the government in other prosecutions, leading to the conviction of co-conspirators. Yet, with some disillusionment, he observes that the government made no comment about his cooperation at sentencing and refused to file a motion for a downward departure under U.S.S.G. § 5K1.1. Wade

J. Matthew Martin, Martin & Martin, P.A., Hillsborough, N.C., for defendant-appellant.

brought these facts to the attention of the district court in connection with his motion for a downward departure and sought unsuccessfully to inquire of the government why it refused to make the motion. He argues that such an inquiry would have been relevant to resolve whether the government acted arbitrarily or in bad faith.

Limited authority to depart from mandatory minimum sentences is provided in 18 U.S.C. § 3553(e), which provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

*See also* 28 U.S.C. § 994(n) ("The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed."); U.S.S.G. § 5K1.1. Section 5K1.1 governs all departures from guideline sentencing for substantial assistance, and its scope includes departures from mandatory minimum sentences permitted by 18 U.S.C. § 3553(e). *See* Application Note 1 to § 5K1.1; *United States v. Keene*, 933 F.2d 711, (9th Cir.1991). The unambiguous language of 18 U.S.C. § 3553(e) leads to the single conclusion that courts may not depart downward from mandatory minimum sentences because of the substantial assistance of a defendant unless the government files a motion for departure. *See, e.g., United States v. Francois*, 889 F.2d 1341, 1345 (4th Cir. 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990); *United States v. Huerta*, 878 F.2d 89, 91 (2d Cir. 1989), *cert. denied*, — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). The policy of § 3553(e) is "to provide an incentive to defendants to furnish assistance to law enforcement officials" by giving the officials the right to introduce flexibility into the otherwise rigorous inflexibility of mandatory sentences. *United States v. Daiagi*, 892 F.2d 31, 32 (4th Cir.1989). Although the *quid pro quo* of the policy involves only law enforcement officials and defendants, once a motion by the government is filed, the court must exercise discretion in determining the appropriate level of departure, which may, when justified by the facts, be more or less than that recommended by the government. *See United States v. Wilson*, 896 F.2d 856, 859 (4th Cir.1990) (Sentencing Commission has not limited the district court's authority in determining the amount of a departure under § 3553(e)); *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988) (although the government is given the authority to *make the motion* for a reduction of sentence for the defendant's substantial assistance, the actual authority to reduce the sentence remains vested in the district court), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). The plain statutory language, however, permits the court's consideration of downward departures for substantial assistance only after the government has made the motion. Therefore, the argument by Wade that the sentencing court is authorized to depart downward on his motion, but in the absence of a government motion, must be readily rejected.

■ The more difficult question raised by Wade is whether he may query the good faith of the government in refusing to make the motion. He argues that the district court should have reviewed not only the strength of the evidence showing the value of his assistance but also the reasons and motives of the government in not making the motion. Relying on *United States v. Justice*, 877 F.2d 664 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989), he argues that the good faith of the government must be reviewable by the court so that the expressed Congressional policy of rewarding cooperation is not thwarted. *See* 28 U.S.C. § 994(n).

In *Justice*, where a similar argument was made, the court affirmed the district court's refusal to depart downward in the

absence of a motion by the government made under U.S.S.G. § 5K1.1. In doing so, however, the court acknowledged the potential for an argument as made here by Wade:

> We believe that in an appropriate case the district court may be empowered to grant a departure notwithstanding the government's refusal to motion the sentencing court if the defendant can establish the fact of his substantial assistance to authorities as outlined above. Nevertheless, we are not prepared to decide this issue based on the record currently before us.
>
> Thus, while we are inclined to hold that a motion by the government may not be necessary in order for the sentencing court to consider a departure based on substantial assistance to authorities, we need not reach this issue.

*Id.* at 668–69. Justice's argument was based on the notion that 28 U.S.C. § 994(n) directs the Commission to "assure" that the Sentencing Guidelines recognize substantial assistance, and if U.S.S.G. § 5K1.1 were interpreted to deny the court's review of the government's determinations on this issue, the Congressional mandate could be frustrated. The court left the issue open, citing *United States v. White*, 869 F.2d 822 (5th Cir.), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989), where the court observed that although it would be "the rarest of cases" in which the government would improperly fail to recognize substantial assistance, § 5K1.1 "obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance." *Id.* at 829.

The Eighth Circuit revisited the question in *United States v. Smitherman*, 889 F.2d 189 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990), and again acknowledged the possibility that it would be willing to review a government's refusal to make a motion for a downward departure in the right circumstances.

In this case, the government made no such motion. Although we have suggested that a section 5K1.1 motion might not be necessary in all cases [*citing United States v. Justice*], we do not view the present case as one that presents a question of prosecutorial bad faith or arbitrariness that might conceivably present a due process issue. *Id.* at 191.

Our reading of 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), however, leads us to the conclusion that the government alone has the right to decide, in its discretion, whether to file a motion for a downward departure based on the substantial assistance of a defendant. The statutory purpose of promoting defendants' cooperation with the government and the statutory restriction that departures may be considered only on the motion of the government require an interpretation that the right to introduce flexibility into what is otherwise a mandatory sentence is given to the government for use as a prosecutorial tool which may be exercised in the sole discretion of the government. Moreover, neither 18 U.S.C. § 3553(e) nor 28 U.S.C. § 994(n) bestows on a defendant a beneficial interest that may be enforced as a right. By giving the right to request a downward departure from mandatory minimum sentences exclusively to the government, § 3553(e) of logical necessity excludes any claim of right by a defendant to demand that a motion for a departure be filed upon his unilaterally initiated cooperative efforts. *See United States v. Daniels*, 929 F.2d 128, 131 (4th Cir.1991) ("In the absence of an agreement requiring the government to file [a § 5K1.1 motion for substantial assistance] the defendant has no right to demand that one be filed.").

Once we reach the conclusion that the government has the sole discretion in deciding whether to file a motion for downward departure for substantial assistance, it follows that the defendant may not inquire into the government's reasons and motives if the government does not make the motion. To conclude otherwise would result in undue intrusion by the courts into the prosecutorial discretion granted by the statute to the government.

The avenue open to a defendant for taking advantage of 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is to negotiate a plea agreement with the government under which the defendant agrees to provide valuable cooperation for the government's commitment to file a motion for a downward departure. When a defendant is able to negotiate a plea agreement that includes the government's agreement to file a motion for a downward departure under § 5K1.1, the defendant obtains rights to require the government to fulfill its promise. To those circumstances we apply the general law of contracts to determine whether the government has breached the agreement. *See United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir.1991). If substantial assistance is provided and the bargain reached in the plea agreement is frustrated, the district court may then order specific performance or other equitable relief, or it may permit the plea to be withdrawn. *Id.* at 1076. *Cf. Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

While the government may have legitimate prosecutorial interests in choosing to negotiate a plea agreement and settle a prosecution with a defendant short of trial, it may also insist on a full prosecution and trial if it chooses not to negotiate or agree to terms of a plea agreement satisfactory to the defendant. The defendant's right is to be prosecuted and tried in accordance with the standards of due process and not to be given an agreement of compromise.

We therefore hold that, absent a motion filed by the government, the district court has no authority to depart downward from a mandatory minimum sentence for the substantial assistance of the defendant, and the defendant is not entitled to an explanation for the government's refusal to make the motion or for its refusal to enter into an agreement to make the motion.

The judgment of the district court is therefore affirmed.

AFFIRMED.