948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre LEANDER, a/k/a Andre Markson, a/k/a Andy Lender,
Defendant-Appellant.
 No. 91-5754.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Nov. 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-90-41-R-C)
 Argued: Wade Anthony Jacobson, Assistant Public Defender, Office of Public Defender, Richmond, Va., for appellant;
 Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 REMANDED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Andre Leander pled guilty to an indictment charging him with possession of cocaine with the intent to distribute it within 1000 feet of a school in violation of 21 U.S.C. § 841. Leander's plea was entered pursuant to a plea agreement under which the government agreed, if certain conditions of cooperation were satisfied, "to move the Court to depart from the sentencing guidelines and the 10 year minimum statutory sentence otherwise required in this case." At sentencing, when the government refused to file the motion, the court expressed its belief that it was without authority to give effect to the agreement, particularly in departing from a statutory minimum, although it did take Leander's cooperation into account in departing downward from the Sentencing Guidelines on its own.
 
 
 2
 At the time of sentencing, the district court did not have the benefit of our decisions in United States v. Connor, 930 F.2d 1073 (4th Cir.1991), and United States v. Wade, 936 F.2d 169 (4th Cir.1991), in which we stated that plea agreements are subject to general contractual principles, and "[i]f substantial assistance is provided and the bargain reached in the plea agreement is frustrated, the district court may then order specific performance or other equitable relief, or it may permit the plea to be withdrawn." Wade, 936 F.2d at 173. Whether the district court would have entered a different sentence is a matter about which we cannot speculate. Accordingly, we remand this case for resentencing in light of our decisions in Connor and Wade.
 
 
 3
 REMANDED FOR RESENTENCING.