**Michael SPRIGGS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal No. 95–346–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 14, 1997.

James L. Trump, Asst. U.S. Atty., Alexandria, VA, for Plaintiff.

Marvin Miller, Alexandria, VA, for Defendant.

### MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court on Petitioner's Motion for Specific Performance of his Plea Agreement. For the reasons set forth below, Petitioner's Motion is GRANTED, and an evidentiary hearing will be held to determine whether the Government has

---

1. The Law is true embodiment
   of everything that's excellent.
   It has no kind of fault or flaw,
   And I, my Lords, embody the Law.

fulfilled its contractually-implied obligation of good faith and fair dealing.

### I.

After pleading guilty to Conspiracy to Distribute crack cocaine in violation of 21 U.S.C. § 846, Petitioner Michael Spriggs ("Spriggs") was sentenced to 87 months *in* prison and five years supervised release. The Plea Agreement between Spriggs and the Government reads in pertinent part:

> 10. The parties agree that the United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the *Sentencing Guidelines and Policy Statements,* or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that the defendant has provided substantial assistance and that such assistance has been completed.

The Assistant United States Attorney ("AUSA") in charge of Spriggs's case never submitted Spriggs's file to the committee established by the local United States Attorney to determine if a particular defendant warrants a motion to reduce sentence under Rule 35. According to that AUSA, he alone has

> discretion to make a decision as to whether to recommend someone for a Rule 35 motion. This is my case. I am the assistant responsible for it. I am not recommending Mr. Spriggs for such a motion. There is nothing to submit to the committee, and therefore, there is nothing before the Court.
>
> \* \* \* \* \* \*
>
> I have made the decision, and Mr. Spriggs has not provided substantial assistance. It's my decision, it's my decision alone.
>
> \* \* \* \* \* \*
>
> It's not reviewable. . . .

Tr. at 9–10, 20 (Feb. 21, 1997).[1] In his Motion for Specific Performance, Spriggs now seeks to have the Court order the Gov-

William S. Gilbert & Arthur Sullivan, *Iolanthe,* Act 1 (1882).

ernment to subject Spriggs's assistance to good-faith review.[2]

## II.

Absent a plea agreement, the government enjoys broad discretion in refusing to move for a downward departure or reduction in sentence. *United States v. Wade*, 936 F.2d 169, 171 (4th Cir.1991), *aff'd* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). However, "[b]y [entering a plea agreement], the government bridles its discretion with the terms of the agreement, and the district court has the power to review the government's refusal to make the motion just as it would any alleged breach of the plea agreement." *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir.1993).

Plea agreements are interpreted and enforced under the traditional rules governing contracts. *Wade*, 936 F.2d at 173 (citing *United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir.1991)). "If substantial assistance is provided and the bargain reached in the plea agreement is frustrated, the district court may then order specific performance or other equitable relief, or it may permit the plea to be withdrawn." *Id.* (citing *Conner*, 930 F.2d at 1076 and *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971)). Moreover,

> the analysis of the plea agreement must be conducted at a more stringent level than in a commercial contract because the rights involved are generally fundamental and constitutionally based.

*United States v. Ringling*, 988 F.2d 504, 506 (4th Cir.1993). Thus, the government may be held to a higher standard than the defendant because of "constitutional and supervisory concerns." *Id.* (citing *United States v. Harvey*, 791 F.2d 294, 299 (4th Cir.1986)).

Under the general law of contracts, every contract includes an implied duty of good faith and fair dealing. Restatement (Second) of Contracts § 205 (1979). Accordingly, when the government agrees to make a determination regarding substantial assistance, it must make that determination in good faith. *See Dixon*, 998 F.2d at 231 ("The government promised to 'deem' [whether the defendant had provided substantial assistance], one way or the other. It must keep this promise.").

When a defendant challenges the government's refusal to make a Rule 35 motion on constitutional grounds, courts require defendants to make a "substantial threshold showing" of unconstitutional motive. *Wade*, 504 U.S. at 186, 112 S.Ct. at 1844 (cataloguing cases) "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* In addressing Spriggs's contract-based claim, the Court follows *Wade* and requires that Spriggs make a "substantial showing" of breach of contract that indicates the need for further inquiry.

## III.

At the February 21, 1997 hearing regarding this motion, the AUSA stated that Spriggs "has been interviewed on a number of occasions .... [and has provided] some information that was corroborated and truthful, and [other] information that was untruthful." Tr. at 9. As an example of Spriggs's non-cooperation, the AUSA asserted that Spriggs had declined to provide any information about a Mr. Roberts and several other suspects. Tr. at 11–12. Spriggs's attorney responded by arguing that Spriggs had indeed provide information in these cases. Defense counsel substantiated this claim by subsequently filing with the Court copies of his notes from Spriggs's interviews with the Government.[3] These notes call into question

---

2. Importantly, Spriggs does not ask the Court to order *sua sponte* a reduction in his sentence, nor does he ask the Court to find that Spriggs's assistance has been "substantial" within the terms of the contract. *See United States v. Wade*, 936 F.2d 169, 171 (4th Cir.1991) (district court has no authority to depart *sua sponte*), *aff'd* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

3. These notes, over six legal pad pages, appear to detail Spriggs's knowledge of several individuals involved in the drug trade, including their aliases and physical descriptions and Spriggs's recollection of crimes they had committed. For exam-

whether the AUSA was fully aware of the extent and nature of Spriggs's cooperation with the Government, or, if he in fact was aware of this cooperation, whether he was fully candid with the Court.[4]

The Court holds that the discrepancy between the notes provided by Spriggs's counsel and the in-court assertions of the AUSA raise a substantial question as to whether the United States Attorney reviewed Mr. Spriggs's case in good faith, as required by the plea agreement and the general law of contracts. Accordingly, an evidentiary hearing will be necessary to determine whether the government has breached its agreement with Spriggs. At that hearing, the government must establish that it adequately evaluated Spriggs's information regarding Mr. Roberts and the other individuals identified in the notes of Spriggs's counsel[5] and reached a decision not to move for a reduction of sentence in good faith.

An appropriate Order shall issue.

---

ple, while the AUSA asserted that Spriggs "had no information to provide with respect to William Roberts," Tr. at 11, the notes describe in detail recent drug sales by Roberts.

4. Assuming that the AUSA was merely ignorant rather than affirmatively deceptive regarding Spriggs's apparent cooperation, the Court notes that poor intra-office communication is no excuse for failure to file a Rule 35 motion in a

deserving case. *See Ringling,* 988 F.2d at 506 (holding that "[w]hile the prosecutor's office may be overworked this 'does not excuse them' from living up to the bargain") (quoting *Santobello,* 404 U.S. at 260, 92 S.Ct. at 497–98).

5. Since his notes are now evidence in the matter, Spriggs's counsel is advised to arrange for another attorney to represent Spriggs at the evidentiary hearing.