**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4568

JULIUS DILLARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-19)

Submitted: March 3, 1998

Decided: March 27, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William W. Plyler, MCMILLAN, SMITH & PLYLER, Raleigh,
North Carolina, for Appellant. J. Frank Bradsher, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Julius Dillard appeals his conviction, entered upon a written plea agreement, of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (1994). Dillard's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred as a matter of law in concluding that it could not depart downward from the Sentencing Guidelines range to reward Dillard for his substantial assistance absent a government motion pursuant to USSG § 5K1.1 (1996) or 18 U.S.C.A. § 3553(e) (West Supp. 1997), but concluding that there are no meritorious grounds for appeal. As part of his written plea agreement, Dillard expressly waived his appellate rights, except for the right to appeal based on ineffective assistance of counsel and prosecutorial misconduct not known to Dillard at the time of his guilty plea. Dillard was notified of his right to file an additional brief, which he did, claiming ineffective assistance of counsel. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

Dillard's claim, by counsel, that the district court erred in concluding that it could not depart downward absent a government motion is without merit. It is well settled that, absent a government motion under either section 3553(e) or USSG § 5K1.1, the district court cannot consider whether a defendant is entitled to a downward departure from the Sentencing Guidelines range based on substantial assistance. See United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995); United States v. Wade, 936 F.2d 169, 171 (4th Cir. 1991), aff'd, 504 U.S. 181, 184-87 (1992) (establishing two exceptions not applicable here).

Dillard's real complaint appears to be with the government's refusal to make the substantial assistance motion on Dillard's behalf. Pursuant to the plea agreement, the government was required to make known to the district court at sentencing the extent of Dillard's cooperation with law enforcement agents. The agreement did not contain a promise by the government to make a motion for a downward departure. The government later refused to file a motion for down-

2

ward departure on behalf of Dillard because of certain transgressions he committed following his agreement to cooperate with authorities. The facts are undisputed that while Dillard did cooperate with law enforcement officials by making recorded telephone calls to his drug supplier, arranging two controlled drug purchases from his supplier, making numerous controlled drug buys from other drug dealers, and submitting to debriefings with law enforcement agents, all at risk to himself and his family, Dillard admitted to engaging in drug transactions for personal profit, without the knowledge of the supervising officers, during the period of his cooperation with authorities.

On appeal, Dillard claims that these drug transactions for personal profit were necessary to establish contacts with the drug dealers so he could set them up for controlled buys under the auspices of supervising law enforcement officers. The gravamen of his claim is that the government breached its duty to act in good faith by failing to fulfill its obligation under the plea agreement to make known to the district court at sentencing the full extent of Dillard's cooperation, including whether the government deemed him to have substantially assisted authorities.

We find that the government was well within its right to refuse to make a downward departure motion, given the circumstances of this case. Not only was there no express promise in the plea agreement to make such motion, but evidence as to the extent of Dillard's cooperation and assistance with the authorities was presented to the district court at sentencing, along with the government's conclusion that because of Dillard's transgressions, the government deemed him not to have substantially assisted them. Moreover, Dillard, by counsel, admitted at sentencing that it was the government's prerogative not to file a substantial assistance motion on Dillard's behalf, given Dillard's actions. We decline to find plain error in this case in the district court's failure to depart downward based on substantial assistance, absent a government motion.

Dillard also raises an ineffective assistance of counsel claim, pro se. Specifically, he claims that his trial attorney was ineffective in: (1) failing to research and argue his right, under North Carolina law, to possess a firearm; (2) leading him to believe that his term of imprisonment would not be more than fifteen years; (3) failing to argue

3

against the enhancement of Dillard's sentence as a career offender; and (4) failing to raise the issue of the government's failure to move for a downward departure, failing to correct the record as to Dillard's substantial assistance, and failing to argue that the government's agreement to move for a downward departure for substantial assistance was the basis for Dillard's agreement to plead guilty. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), in the district court, and not on direct appeal, unless it conclusively appears from the record that the defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of the record that Dillard's defense counsel failed to provide effective representation sufficient for this claim to be cognizable on direct appeal.

The government has filed a motion to dismiss this appeal, claiming that Dillard waived his right to appeal his sentence, and that this court lacks jurisdiction over Dillard's sentencing claim because of the government's decision not to file a substantial assistance motion. While true that Dillard does seek to appeal the district court's failure to award him a downward departure from the applicable sentencing guidelines, the essence of Dillard's appeal, by counsel, is prosecutorial misconduct. In addition, Dillard's claim raised pro se is based on ineffective assistance of counsel. The plea agreement entered into between Dillard and the government expressly excepted from waiver any appeal based on prosecutorial misconduct and ineffective assistance not known to the defendant at the time of entering into his guilty plea. Because the alleged prosecutorial misconduct is inextricably intertwined with the sentencing claim Dillard raises by counsel, and his claim of ineffective assistance of counsel is excepted from his appeal waiver, we deny the government's motion to dismiss this appeal.

We affirm Dillard's conviction and sentence. We deny without prejudice counsel's motion to withdraw at this stage of the proceedings. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5