UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                               No. 02-4071

JAMES BENJAMIN ALLEN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-233)

Submitted: June 24, 2002

Decided: July 11, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbery, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James Allen entered a guilty plea to one count of being a felon in possession of a firearm. *See* 18 U.S.C.A. § 922(g)(1) (West 2000). Because Allen's three prior felony convictions constituted violent felonies under the Armed Career Criminal Act of 1984, *see* 18 U.S.C.A. § 924(e)(1) (West 2000) ("ACCA"), the district court imposed a mandatory minimum 180-month sentence. Allen appealed his sentence, arguing imposition of the ACCA's mandatory minimum sentence violated due process. We affirm.

This Court reviews de novo the legal determinations attendant to the application of the ACCA. *See United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001). Once it is determined that a defendant's prior convictions qualify him for sentencing under the ACCA, the sentencing court may only depart below the fifteen-year mandatory minimum if the Government moves for such a departure based on the defendant's substantial assistance or if the defendant qualifies for application of the "safety valve" provision. *See United States v. Pillow*, 191 F.3d 403, 407-08 (4th Cir. 1999); *United States v. Wade*, 936 F.2d 169, 171 (4th Cir. 1991).

Although the Sentencing Guidelines provide sentencing ranges predicated on the gravity of a defendant's offense and his criminal history, when that calculus yields a sentencing range below the mandatory minimum for an offense, the guidelines sentence becomes that statutory minimum. *See United States Sentencing Guidelines Manual* § 5G1.1(b) (2000). Under § 924(e)(1), a fifteen-year mandatory minimum sentence "shall" apply to all defendants convicted under § 922(g)(1) who have previously committed three or more qualifying violent felonies. Because Allen had three such convictions, the mandatory minimum sentence was properly imposed.

Allen's contention that there is a an arbitrary disparity between his sentence under the ACCA and what it would otherwise be under the Sentencing Guidelines is specious. First, Allen is ineligible for a lesser sentence under the guidelines by operation of § 5G1.1(b) and § 924(e)(1). Second, Allen's prior convictions were qualifying violent felonies under § 924(e)(1), indicating he is not similarly situated to every other defendant with three prior felony convictions. Because Allen's criminal history required a fifteen-year sentence under the Sentencing Guidelines, we find Allen's challenge to his sentence unpersuasive.

Accordingly, Allen's sentence is affirmed. We deny Allen's motion to appoint new appellate counsel or to file a pro se supplemental brief.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*In so doing, we note Allen's appellate counsel did not file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and that Allen's justification for filing a pro se supplemental brief is unpersuasive, *see United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992).