# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1590

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Jesse J. Smith, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 17, 2000

Filed: January 26, 2001

_____

Before McMILLIAN, BOWMAN and LOKEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

The United States government appeals from a final judgment entered in the United States District Court for the District of Nebraska sentencing Jesse J. Smith to 24 months imprisonment, 5 years supervised release, and a special assessment of $100, after a jury found Smith guilty of conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1). For reversal, the government argues that the district court lacked authority to sentence Smith below the

10-year mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A)(iii),[1] where the government has not filed a downward departure motion pursuant to 18 U.S.C. § 3553(e).  For the reasons stated below, we vacate Smith's sentence and remand the case to the district court for further proceedings consistent with this opinion.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231.  Jurisdiction in this court is proper based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b).  The notice of appeal was timely filed pursuant to Fed. R. Crim. P. 4(b).

---

[1]21 U.S.C. § 841provides in pertinent part:

(a) **Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –

(1) to . . . possess with intent to . . . distribute . . . a controlled substance.

(b) **Penalties**

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A)  In the case of a violation of subsection (a) of this section involving –
. . . .
(iii) 50 grams or more of a mixture or substance . . . which contains cocaine base;

. . . .

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .

## Background

On June 11, 1998, law enforcement officers executed a search warrant at the Omaha, Nebraska, apartment of Damion Johnson.[2] Upon the officers' entry into the apartment, Johnson attempted to escape through a window. The officers found baggies containing cocaine base in Johnson's possession and at his feet. Smith, who had been staying with Johnson, was found in the apartment with .4 grams of cocaine base on him. A third individual, Dermayne Newsome, was found in the bathroom with .8 grams of cocaine base on him; an additional amount was found in the toilet. In the apartment, the officers found, among other things, firearms, ammunition, and a large amount of cash inside a safe.

On July 23, 1998, Smith, Johnson, and Newsome were indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of criminal forfeiture. In his first trial, Smith was found guilty on the conspiracy count, but the district court ordered a new trial. Smith was subsequently charged by a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of possession with intent to distribute cocaine base. In his second trial, Smith was found guilty on the conspiracy count and not guilty on the possession with intent to distribute count.

After a presentence investigation report (PSIR) was prepared by a probation officer, Smith and the government each filed objections. Both parties objected to the recommendation in the PSIR that a certain drug quantity be attributed to Smith based upon the cash found inside a safe in Johnson's apartment. The government acknowledged that there was no evidence in the record supporting the probation officer's mathematical conversion of that money to a quantity of cocaine base for which

_____

[2]Jesse Smith and Damion Johnson are referred to in the record as cousins. <u>See, e.g.</u>, Sentencing Transcript at 11 (Jan. 20, 2000).

Smith could be held accountable under the sentencing guidelines. The district court sustained the government's objection and noted that, by excluding the amount of drugs to which the money had been converted, Smith's base offense level dropped from 34 to 32. See Sentencing Transcript at 7 (Jan. 20, 2000). Smith further objected to the guideline calculations on the ground that there still was no evidence establishing a quantity of cocaine base for which he could be held accountable as a co-conspirator. For example, he argued, there was no evidence of any specific activities carried out by the alleged conspiracy, such as packaging, transporting, or selling cocaine base. Therefore, he maintained, "the court should follow the lowest weight allowed under the guidelines, which would be a level 12." Id. at 9-10. The district court overruled Smith's objection and explained:

> [T]he reason I don't think [your argument] holds up is because if the drugs are in front of him [Smith], and they are packaged, and he is in the room where he is caught, and the only rational basis that I can see for why the jury could convict him of the conspiracy was because it was in a place that he sometimes lived and they had guns there that were being used either by him or by his cousin, Mr. Johnson, and that creates the conspiracy.
>
> And he at least has an understanding that he is participating in a conspiracy that intends to distribute at least what is in the room in packages and that puts him at a level 32.

Id. at 11-12.

The district court did not make an express finding as to the amount of cocaine base attributable to Smith, but determined that Smith's base offense level was 32.[3] The district court then added two levels for Smith's possession of a firearm, see U.S.S.G. § 2D1.1(b)(1), subtracted four levels for Smith's role as a minimal participant, see id.

_____

[3]Under the guidelines, level 32 corresponds with "at least 50 [grams] but less than 150 [grams] of Cocaine Base." U.S.S.G. § 2D1.1(c).

§ 3B1.2(a), and concluded that Smith's total offense level was 30, with a criminal history category of I.  See Sentencing Transcript at 13.  The district court then stated: "[s]entencing guideline range is 97 to 121 months, but because of the statutory minimum it is 120 months."  Id.

Defense counsel questioned the applicability of the 120-month (or 10-year) statutory minimum sentence, noting that the district court's authority to depart downward would be affected if the statutory minimum applied.[4]  Defense counsel argued that the statutory 10-year mandatory minimum should not apply unless the government alleged in the indictment and proved to the jury beyond a reasonable doubt that Smith's violation involved 50 or more grams of cocaine base.  The government argued in response that such sentencing factors were matters for the court to decide under the preponderance of the evidence standard.  The district court agreed with the government and overruled Smith's objection.  However, the district court did not make an express finding as to the amount of cocaine base involved in Smith's offense, nor expressly rule on the applicability of 21 U.S.C. § 841(b)(1)(A)(iii).

The district court then proceeded to address Smith's motion for a downward departure.  The district court rejected Smith's argument that a departure was justified because the violation in question constituted a single act of aberrant behavior.  The

---

[4]In the course of counsel's arguments concerning the application of 21 U.S.C. § 841(b), the following exchange took place between the district court and defense counsel.

> THE COURT:  You're saying that if I have to impose the statutory minimum, then I can't downwardly  depart?

> COUNSEL: Right.  It has a great impact on your ability to depart in the absence of a government motion if the mandatory minimum applies.

Sentencing Transcript at 18.

district court agreed, however, that the present case fell outside the "heartland" of cases contemplated by the sentencing guidelines and that a downward departure was justified on that basis. The district court explained:

> I am going to risk and tempt fate here, but I listened to this case twice, and I have to tell you, it's the skinniest case I ever saw in my life, but there is a rational basis for the jury deciding the way they did, but I really don't think that this is in the heartland of cases.

> The heartland of cases contemplates something much more serious than what I saw in the evidence.

> . . . .

> Mr. Smith's participation was so minimal, and I think that his mother's letter basically sums it up best, and that is that Mr. Smith was looking the other way so he could support his drug habit.

> And I really believe that that's what the evidence shows, and because of that he allowed his cousin to use those guns in the apartment.

> The problem with this whole case is that he is convicted of the conspiracy, but he is not convicted of the possession with intent [to distribute], which is very difficult for me to square with very much of having anything to do with the conspiracy if he doesn't even have any control or possession or anything else of the drugs.

> So I firmly believe that this is outside the heartland.

Sentencing Transcript at 23-24.

Then, to arrive at Smith's sentence of 24 months of imprisonment, the district court reasoned as follows.

Mr. Johnson [sic[5]] and Mr. Newsome both had about a half a gram in their pocket. I think Mr. Newsome had about .8 grams and Mr. Smith had .4 grams or thereabouts. That puts him at level 14. Guns were involved. That's a two level increase. That puts him at level 16.

I don't think in a million years he was distributing, if he was any, more than a half gram at a time.

And, as I indicated before, I don't think that he was significantly involved in this conspiracy, other than not having his guns in his parents' house because they didn't want them there, so he sends them over to his cousin's house and Mr. Johnson utilizes them as his protection and Mr. Smith basically reaps the benefit of that because he gets a supply of drugs for just doing stupid stuff so that he can keep up with his habit.

I don't know how much he is participating in any drug activity, because there was never any evidence of that.

So I'm going to calculate his downward departure at a level 16, which is 21 to 27 months.

Id. at 28-29.

---

[5]The district court judge apparently meant to refer to "Mr. Smith" rather than "Mr. Johnson." Id. at 28.

In addition to imposing sentence, the district court recommended a drug treatment program for Smith.[6] The government objected to the sentence and timely filed the present appeal.

## Discussion

The government argues on appeal that, because Smith was subject to the 10-year mandatory minimum in 21 U.S.C. § 841(b), the district court lacked authority to sentence him to a term of imprisonment below 10 years absent a government motion for a downward departure pursuant to 18 U.S.C. § 3553(e). See Brief for Appellant at 11-15 (citing cases). In support of the assumption that the 10-year statutory minimum applies, the government relies on the district court's statement: "[s]entencing guideline range is 97 to 121 months, but because of the statutory minimum it is 120 months." Id. at 9 (citing Sentencing Transcript at 13). The government interprets the district court's comment as an implicit ruling on the applicability of 21 U.S.C. § 841(b)(1)(A)(iii). Id. at 15.

In response, Smith maintains that § 841(b)'s 10-year mandatory minimum sentence was not clearly applied to him in the present case. He points out that the

---

[6]Addressing Smith, the district court stated:

> [with] your diabetes, you are going to kill yourself if you keep doing drugs, and today I had the possibility of basically putting you in jail forever.
>
> I think that I'm making the right decision based on what I heard.
>
> I don't know whether anybody is going to agree with me, but that's what I'm doing.

Id. at 30.

district court made no express finding as to the quantity of cocaine base involved in the offense, that the district court's statements on the relevant drug quantity were contradictory and unclear, and that the district court's statements of fact and the sentence ultimately imposed are inconsistent with the view that he should be held accountable for 50 or more grams of cocaine base. Smith highlights the following statements made by the district court at the sentencing hearing:

> I don't think in a million years [Smith] was distributing, if he was any, more than a half gram at a time.
>
> And, as I indicated before, I don't think that he was significantly involved in this conspiracy, other than not having his guns in his parents' house because they didn't want them there, so he sends them over to his cousin's house and Mr. Johnson utilizes them as his protection and Mr. Smith basically reaps the benefit of that because he gets a supply of drugs for just doing stupid stuff so that he can keep up with his habit.
>
> I don't know how much he is participating in any drug activity, because there was never any evidence of that.

Brief for Appellee at 4-5 (quoting Sentencing Transcript at 28-29).

The law is firmly established that a district court lacks authority to sentence below the 10-year statutory minimum if the pertinent provisions in 21 U.S.C. § 841(b) apply and the government has lawfully declined to move for a downward departure under 18 U.S.C. § 3553(e). See United States v. Rodriguez-Morales, 958 F.2d 1441, 1442-47 (8th Cir.), cert. denied, 506 U.S. 940 (1992). In the present case, the question of whether the 10-year minimum in § 841(b) applies depends on whether 50 or more grams of cocaine base were involved in Smith's offense. See 21 U.S.C. § 841(b). The relevant quantity of drugs, for purposes of determining the applicability of § 841(b), is essentially the same as the relevant quantity used for determining a defendant's base offense level under the sentencing guidelines. See United States v. Jones, 965 F.2d

1507, 1517 (8th Cir. 1992) ("The same standards govern the district court's drug quantity determinations for section 841(b) and the Sentencing Guidelines."); accord United States v. Fitch, 137 F.3d 277, 280 (5th Cir. 1998) (punishment under § 841(b) is based on type and quantity or weight of controlled substances involved in the offense; the guidelines use "the same factors" coupled with criminal history to produce a guideline range); United States v. Hughes, 970 F.2d 227, 234 (7th Cir. 1992) (noting that "the amount of cocaine involved" would affect both the offense level under the guidelines and the mandatory minimum sentence). The district court may determine at sentencing the quantity of drugs involved in the offense for purposes of applying § 841(b), even if the drug quantity was not charged in the indictment and found by the jury beyond a reasonable doubt, provided that any mandatory minimum sentence imposed on the basis of that drug quantity does not exceed the statutory maximum allowed without reference to drug quantity.[7] See United States v. Aguayo-Delgado, 220 F.3d 926, 931-34 (8th Cir.) (discussing and applying Apprendi v. New Jersey, 530 U.S. 466 (2000)), cert. denied, 121 S. Ct. 600 (2000); United States v. Sheppard, 219 F.3d 766, 768-69 & nn.2-3 (8th Cir. 2000) (same).

Where a drug conspiracy is concerned, the law of the Eighth Circuit regarding the determination of drug quantity at sentencing is as follows.

A defendant convicted of conspiracy is properly held accountable for all reasonably foreseeable acts and omissions of any co-conspirator taken in furtherance of the conspiracy. Thus, in a drug conspiracy, the district court may consider amounts from drug transactions in which the defendant was not directly involved, provided that those other dealings were part of the same course of conduct or scheme. Before a quantity of

_____

[7]In the present case, the ten-year statutory minimum sentence does not exceed the statutory maximum sentence applicable to Smith's offense without reference to drug quantity. See 21 U.S.C. § 841(b)(1)(C) (establishing, for Smith's offense and circumstances, a maximum term of imprisonment of 20 years).

drugs may be attributed to a particular defendant, the sentencing court is required to find by a preponderance of the evidence that the transaction or activity involving those drugs was in furtherance of the conspiracy and either known to that defendant or reasonably foreseeable to him.

United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998) (citations omitted), cert. denied, 525 U.S. 1169 (1999); see also United States v. Jones, 965 F.2d at 1517 (the district court may sentence a defendant for drugs possessed and sold by co-conspirators if the district court finds by a preponderance of the evidence that their activities were in furtherance of the conspiracy and known or reasonably foreseeable to the defendant; "[f]or activities of a co-conspirator to be 'reasonably foreseeable' to a defendant, they must fall within the scope of the agreement between the defendant and the other conspirators").

As noted above, the district court in the present case did not expressly find that 50 grams or more of cocaine base were involved in Smith's offense, nor did it specifically rule on the applicability of 21 U.S.C. § 841(b). The district court's statement, "[s]entencing guideline range is 97 to 121 months, but because of the statutory minimum it is 120 months," Sentencing Transcript at 13, does not appear to be a ruling on the applicability of § 841(b) when read in the context of the entire sentencing hearing. For example, the district court elected to depart downward notwithstanding its apparent awareness that its authority to do so could be adversely affected if the statutory minimum applied. The district court's explanation for imposing a term of imprisonment corresponding with a total offense level of 16 also suggests that the district court may have believed the amount of cocaine base involved in Smith's offense was less than 50 grams. On the other hand, the district court's comment, "I don't think in a million years [Smith] was distributing, if he was any, more than a half gram at a time," id. at 28-29, also fails to dispose of the issue because Smith is responsible for all reasonably foreseeable acts of his co-conspirators in furtherance of the conspiracy. See United States v. Brown, 148 F.3d at 1008. Finally, while the district court did determine that Smith's base offense level was 32, which implies that

50 or more grams of cocaine base were involved in the offense, the district court still did not make the underlying findings required by United States v. Brown, id. ("[b]efore a quantity of drugs may be attributed to a particular defendant, the sentencing court is required to find by a preponderance of the evidence that the transaction or activity involving those drugs was in furtherance of the conspiracy and either known to that defendant or reasonably foreseeable to him.").[8]

Accordingly, we vacate the sentence imposed by the district court and remand the case to the district court for resentencing. On remand, the district court shall make a factual finding as to the quantity of cocaine base involved in Smith's offense for purposes of determining the applicability of 21 U.S.C. § 841(b)(1)(A)(iii). We reiterate that Smith is "accountable for all reasonably foreseeable acts and omissions of any co-conspirator taken in furtherance of the conspiracy" and that "the [district] court is required to find by a preponderance of the evidence that the transaction or activity involving those drugs was in furtherance of the conspiracy and either known to [Smith] or reasonably foreseeable to him." United States v. Brown, 148 F.3d at 1008. "[T]he

---

[8]We note, however, that the district court came close to satisfying these requirements when it observed:

> if the drugs are in front of him [Smith], and they are packaged, and he is in the room where he is caught, and the only rational basis that I can see for why the jury could convict him of the conspiracy was because it was in a place that he sometimes lived and they had guns there that were being used either by him or by his cousin, Mr. Johnson, and that creates the conspiracy.

> And he at least has an understanding that he is participating in a conspiracy that intends to distribute at least what is in the room in packages . . . .

Sentencing Transcript at 11-12.

district court may consider amounts from drug transactions in which [Smith] was not directly involved, provided that those other dealings were part of the same course of conduct or scheme." Id. If, on remand, the district court concludes that the relevant quantity of cocaine base is 50 grams or more, the 10-year statutory minimum shall apply, and, in the absence of a government downward departure motion under 18 U.S.C. § 3553(e), the district court will be precluded from sentencing Smith to a term of imprisonment below 10 years, consistent with our holdings in United States v. Rodriguez-Morales, 958 F.2d at 1442-47, and United States v. Aguayo-Delgado, 220 F.3d at 934.

## Conclusion

Smith's sentence is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.