**Sonya René WELCH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CIV.A.2:00CV76–H,
No. CRIM. 2:93CR71–06.

United States District Court,
W.D. North Carolina,
Bryson City Division.

Feb. 23, 2001.

---

Joel Trilling, Asheville, NC, for Petitioner.

Brian L. Whisler, Assistant U.S. Attorney, Charlotte, NC, for Respondent.

## MEMORANDUM OPINION AND AMENDED JUDGMENT ORDER

HADEN, District Judge, Sitting by Designation.

On March 27, 2000 Petitioner Sonya René Welch filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court granted that motion in part and directed the parties to brief the impact, if any, of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) on resentencing.

## I. FACTUAL BACKGROUND

On May 24, 1994 Petitioner and her co-Defendants were found guilty of violating 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the Court found the amount of relevant conduct attributable to Petitioner was 3.996 kilograms of methamphetamine, well beyond the amount then necessary to invoke the statutory mandatory minimum sentence of ten (10) years.[1] Petitioner was subject to a Guidelines sentencing range of 151 to 188 months imprisonment. The Court sentenced Petitioner to 151 months.

Petitioner's recently filed Section 2255 motion asserted numerous grounds. One ground asserted was ineffective assistance of counsel, based on her lawyer's failure to object to the Government's lack of proof the drug involved in the offense was d-methamphetamine rather than l-methamphetamine.[2] In its amended response to Petitioner's motion, the Government

---

1. The indictment alleges the conspiracy ended May 19, 1993. The version of 21 U.S.C. § 841(b)(1)(A)(viii) then in effect provided for a ten year mandatory minimum sentence of imprisonment and a five year term of supervised release for a violation involving "100 grams or more of methamphetamine ... or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine[.]" 21 U.S.C. § 841(b)(1)(A)(viii).

2. The parties are in agreement that the applicable Guidelines ranges then in effect would have been substantially different depending upon which type of methamphetamine was involved. The Government has asserted "the 1993 Guidelines provided that 1 gram of d-methamphetamine was equivalent to 1 kilogram of marihuana; whereas 1 gram of l-methamphetamine was equivalent to 40 grams of marihuana." (Am. Resp. at 2.)

"concede[d] it did not establish that [Petitioner's] offense of conviction involved d-methamphetamine." (Am. Resp. at 3.) Consequently, it recommended the Court order the Probation Office to immediately recalculate Petitioner's Guidelines range to facilitate resentencing.

The Magistrate Judge ordered the recalculation and further recommended to this Court that (1) the Section 2255 motion be granted as to the ineffective assistance claim; (2) the remaining grounds be denied without prejudice; and (3) the "petitioner's sentence and judgment be corrected by and through a resentencing hearing[.]" Order and Mem. and Recomm. at 3. The Probation Office's recalculation correctly disclosed that while the Petitioner was subject to a lower Guidelines range, she remained exposed to the mandatory minimum sentence of ten (10) years under 21 U.S.C. § 841(b)(1)(A)(viii).

The Court adopted the Magistrate Judge's recommendations and directed the Petitioner to file a brief discussing any grounds she might raise because of the newly decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court was concerned whether *Apprendi* should be applied retroactively and in a manner that would make the mandatory minimum sentence inapplicable. If the mandatory minimum sentence is irreducible, it would be a simple matter to amend Petitioner's Judgment to provide for a ten (10) year term of imprisonment. Conversely, if the mandatory minimum sentence is inapplicable because of *Apprendi*, Petitioner might receive a Guidelines sentence within a recalculated range of 63 to 78 months.

## II. DISCUSSION

Since the briefing concluded, some murkier aspects of *Apprendi* have been clarified. In *United States v. Pratt*, 239 F.3d 640, 646–47 (4th Cir.2001), the district court held defendant responsible for fifteen kilograms of cocaine found in the trunk of a rental car. Attributing these drugs to Pratt, the court sentenced him under 21 U.S.C. § 841(b)(1)(A)(ii), which authorizes a term of imprisonment from ten years to life. No drug amounts were alleged in the indictment or later submitted to the jury. While Pratt was subject under the Guidelines to an imprisonment range exceeding 120 months, the Court of Appeals made note of a significant exception to *Apprendi*:

> The *Apprendi* rule only applies ... 'where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict.' Under *McMillan v. Pennsylvania* ... the legislature may 'raise the minimum penalty associated with a crime based on non-jury factual findings, as long as the penalty is within the range specified for the crime for which the defendant was convicted.'

> . . . . .

> For the purposes of this appeal, we assume without deciding that the maximum term of imprisonment for a violation of § 841(a) without regard to drug amount is twenty years. Pratt's term of imprisonment clearly complies with this statutory maximum because, at 136 months, it is less than twenty years (240 months).

*Id.* at 646–47 n. 3 (citations and quoted authority omitted).[3]

---

**3.** The Court of Appeals' analysis is in line with that of its sister circuits. *See, e.g., United States v. Smith*, 223 F.3d 554, 565–66 (7th Cir.2000); *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir.2000); *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir.2000); *United States v. Aguayo–Delgado*, 220 F.3d 926, 934 (8th Cir.2000).

*Pratt* practically controls this case. Petitioner was sentenced originally to 151 months imprisonment. Without reference to a statutory mandatory minimum sentence of imprisonment, her Guidelines range would have been 63 to 78 months. The reduction from 151 months to that lower Guidelines range, however, is intercepted at the 120 month statutory mandatory minimum sentence found in 21 U.S.C. § 841(b)(1)(A), because the Court found Petitioner responsible for 3.996 kilograms of methamphetamine.[4] That mandatory minimum sentence becomes the Guidelines sentence pursuant to U.S.S.G. § 5G1.1(b), which states "Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Because *Apprendi* is concerned only with non-jury factual determinations increasing the *maximum* sentence beyond the statutory range authorized by the jury's verdict, the mandatory minimum is not abrogated.

Based on the foregoing, Petitioner's Judgment is AMENDED to reduce her total sentence of incarceration to 120 months. With the exception of this modification, the requirements and directives of the original Judgment shall remain in full force and effect.[5]

Based upon Judge Thornburg's recent opinion in *Darity v. United States,* 124 F.Supp.2d 355, 362–63 (W.D.N.C.2000), the Court deems Petitioner's presence is not required at a resentencing hearing that results in a more lenient, required sentence.

The Clerk is directed to send a copy of this Memorandum Opinion and Amended Judgment Order to counsel of record and to post the decision on the website located at www.ncwd.uscourts.gov.

---

4. Until *Pratt,* Petitioner also had a colorable argument her five (5) year supervised release term was subject to reduction under *Apprendi.* *Pratt* has now foreclosed that argument as well:

> For these reasons, we hold that where a statute's mandatory minimum term of supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's maximum terms do not apply. Because § 3583 does not apply to § 841(b)(1)(C), *Pratt's* five-year term of supervised release does not exceed the maximum term of supervised release permitted by statute. As a result, *Pratt's* supervised release term cannot run afoul of *Apprendi,* which only applies to sentences "beyond the prescribed statutory maximum."

*Id.* at 646–47 (quoted authority omitted).

5. The Court imposes this sentence with an awareness co-Defendant Sheila Welch White recently was released for time served when she was subject to a mandatory minimum sentence. The Court cannot reach the same result in this case:

> The law is firmly established that a district court lacks authority to sentence below the 10–year statutory minimum if the pertinent provisions in 21 U.S.C. § 841(b) apply and *the government has lawfully declined to move for a downward departure under 18 U.S.C. § 3553(e).*

*United States v. Smith,* 240 F.3d 732, 736–37 (8th Cir.2001).