# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3664

_____

United States of America

*Plaintiff - Appellee*

v.

Cutean C. Curry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 28, 2018
Filed: August 31, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Cutean Curry directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to drug charges under a plea agreement

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

containing an appeal waiver. Curry's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising as issues the reasonableness of Curry's sentence, the legality of the sentence, possible prosecutorial misconduct, and possible ineffective assistance of counsel. Curry has filed a supplemental pro se brief, arguing that enforcing the plea agreement would be a miscarriage of justice because the indictment did not state a drug quantity, the district court's drug-quantity finding was erroneous, and that the wiretaps implicating him were improperly obtained.

None of the issues raised in counsel's *Anders* brief, or in Curry's pro se brief, has merit. The appeal waiver, which Curry entered into voluntarily and knowingly, prevents him from challenging the reasonableness of his sentence, the validity of the wiretaps, and the drug-quantity calculation on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (discussing the enforcement of appeal waivers). Enforcing the appeal waiver would not "constitute a miscarriage of justice." *Id.* at 894.

Although the illegal-sentence and prosecutorial-misconduct claims are outside the scope of the appeal waiver, Curry's within-Guidelines-range sentence is legal, *see Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (explaining that an unlawful or illegal sentence is one imposed without, or in excess of, statutory authority), and nothing in the record indicates that there was prosecutorial misconduct. We do not consider Curry's ineffective-assistance-of-counsel claims because this is not an "exceptional" case in which the district court "has [already] developed a record" on the claims or a "plain miscarriage of justice" would result from our failure to address them on direct appeal. *United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2001) (citation omitted). Finally, we conclude that the unobjected-to failure to charge the drug quantity in the indictment did not result in error, much less plain error, given that Curry was sentenced to less than the statutory maximum. *See* 21 U.S.C. § 841(b)(1)(C) (providing a twenty-year statutory-

maximum sentence for distributing an unspecified quantity of PCP); *United States v. Smith*, 240 F.3d 732, 737 (8th Cir. 2001) (discussing indictment requirements).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____